## WILDBAHN vs. ROBIDOUX.

1. An agreement in writing to convey such lots as the grantor shall select, cannot be changed by parol so as to require the grantor to convey such lot as the grantee may select.

2. In a bill for the specific performance of a contract to convey land, it is not necessary to alledge that the contract was in writing. The presumption is that the contract is valid.

3. Where to such a bill defendant pleads that the contract was not in writing and was void, and at the same time answers denying the contract set up in the bill, the answer overrules the plea.

4. To entitle the plaintiff to a decree against such answer, a contract in writing must be shewn.

## APPEAL from Buchanan Circuit Court.

## I. N. Jones, *for Appellant.*

1. The defendant's plea is overruled because his answer precedes it. Mitford's Pl. 364; note 1.

2. If the answer of defendant is made in support of the plea, the court will intend the matters charged in the bill against the defendant, unless they are fully and clearly denied in the answer. Mitford, 362; note 1.

3. As the defendant admits the contract as stated, and offers to perform it without insisting on the statute of frauds as a defence, he will be compelled to convey the lots subscribed, and the one *selected* and mentioned in the bill, as one of them. Mitford, 328-9; 2 Story's Eq., 57, sec. 755.

5. Should defendant's plea even be allowed, it extends only to the lot mentioned in the bill as having been selected by complainant, the answer admitting the contract and offering to perform, will render him liable in this case to convey the lots subscribed, or pay their value; and the court below should have given a decree for the value of the lots or referred the case to a commissioner to select the lots, and then have decreed a conveyance of the same.

5. As complainant, as a trustee, on the faith of the subscription and promise of defendant, expended his money and labor in the purchase of materials, &c., in the performance of the work, equity will compel defendant to indemnify complainant to the extent of the injury he has sustained. 2 Story's Equity, 77-8, sec. 768.

6. As defendant has refused since the commencement of the suit to convey any lots to complainant, and has failed to tender a deed for the same according to his undertaking, he should be decreed to pay the costs below.

## Stringfellow, *for Appellee.*

1. The defence that the agreement, if any, was not in writing and therefore void by the statute of frauds, was properly made by plea. Story's Eq. Pl., sec. 697, p. 668, 669.

2. The plea if held to be irregular because of the filing of an answer, yet, being replied to by complainant, cannot now be objected to. Story's Eq. Pl., sec. 761-2-3, p. 720.

3. The answer however was only to part, and the plea to balance of the bill, and the plea was not thereby overruled. Story's Eq. Pl. sec. 647.

SCOTT, J., *delivered the opinion of the Court.*

This was a bill in chancery for a specific performance of a contract to convey a lot of ground. The bill in substance alledges, that the inhabitants of the town of St. Joseph being anxious to prevent a creek which flowed through their village from injuring their lots by its inundations, subscribed a paper by which they agreed to pay to the complainant, S. Wildbahn, the several sums opposite their names, for the purpose of putting two hundred feet of a trunk or race in said creek. The defendant, Robidoux, who was the chief proprietor of the town, to this paper made the following subscription: "Joseph Robidoux, two in-lots, one corner lot, and one hundred dollars." At the time Robidoux signed the paper, he promised to complainant that he would convey to him any two vacant in-lots and a corner lot to which he had a title, and that might be selected by the complainant. That when the work was nearly or quite completed, complainant selected an in-lot, No. 2, in block No. 3, and notified Robidoux thereof, who made no objection, but promised to convey the same to the complainant. That Robidoux afterwards refused to convey the lot selected. The prayer of the bill is, that the lot may be decreed to be conveyed by the defendant to the complainant.

There is an answer, in which most of the facts contained in the bill are admitted to be true, but it is denied that the defendant ever agreed to convey the lot mentioned. A replication was filed to the answer, and there was also a plea of the statute of frauds and perjuries, insisting that there was no note or memorandum in writing of the agreement to convey the lot in the bill described. On argument this plea was ajudged sufficient, and the truth of it was put in issue. There was evidence of a parol promise to convey the lot, but no contract in writing was produced or proved. The bill was dismissed, and the complainant appealed.

The answer covers the ground occupied by the plea, then the plea is overruled. Story's Plead., sec. 688. It expressly denies that any promise was ever made to convey the lot. So that it is incongruous with the plea. Why insist on the statute when no promise was ever made?— When an agreement is denied in the defendant's answer, it is not necessary for him to insist upon the statute as a bar. But the complainant in such case must produce legal evidence of the existence of the agreement, which cannot be established by parol pooof. Ontario Bank vs. Root, 3 Paige, 481; Cozine vs. Graham, 2 Paige, 181. If an agreement is alledged to have been made, it is not necessary to aver that it was in wri-

ting, for the law will presume that it was a valid one. Formerly, an idea prevailed that a court of chancery was compelled to execute a parol contract admitted by the answer, although the statute was at the same time insisted on against the relief sought. But it is now well settled that a party may admit the agreement and insist on the statute as a defence, but if the agreement is admitted and the statute is not insisted on, a specific performance will be decreed, on the ground that the party has thereby renounced the benefit of the statute. *Quilibet protest renunciare juri pro se introducto.*

There being no matter charged in the bill which might avoid the bar created by a plea of the statute, such as acts of part performance or fraud, the plea proper in the case would have been one which is termed a pure plea, such a one as requires no answer to support it. Story's Pl., sec. 764. The answer having overruled the plea, and the agreement being denied, the complainant was bound to produce legal evidence of the existence of the contract sought to be performed. It could not have been established by parol evidence. Although no objection was made to the parol evidence, the matter in dispute on the trial not requiring it to be expressly stated, yet, as the court dismissed the bill, we must presume it was for the reason that the evidence was incompetent to establish the agreement, and to disprove the truth of the plea.

It is clear that the written contract, and the one sought to be enforced by the bill, are variant. By the one, the defendant is to convey such lots as he pleases, so that they are in-lots and an out lot; by the other he is to convey a lot selected by the complainant. Parol evidence, it is evident, was not admissible to vary the written contract. Brodie vs. St. Pauls, 1 Ves. jr., 326; Jordon vs. Sawkins, 3 Bro. Ch., 388; Parkhurst vs. Van Cortlandt, 1 John. Chan., 275.

. The other Judges concurring, the decree will be affirmed.