———o———

WILLIS M. SHERWOOD, Appellant, vs. ALBE M. SAXTON, Respondent.

1. *Trusts and trustees—Duties of trustee—Laches—Breach of trust and liabilities.*—The trustee in a deed of trust to secure an indebtedness, is the agent of both debtor and creditor, and his duties should be performed with the strictest impartiality and integrity. And if he fail to use reasonable diligence, or is guilty of a breach of trust, or an abuse of his discretionary powers, he will be personally liable. And he is not justified in releasing any security or right pertaining to a matter committed to his charge, unless it will be clearly to the advantage of the *cestui que trust* or the trust estate.

2. *Trust estate, charge against in equity—Action at law for damages against trustee, for breach of trust, etc.*—Where it is sought to charge or follow property with a trust, a proceeding in equity is the only proper remedy, but where the trustee is personally liable for abuse of powers or breach of trust, and the party only claims damages, a court of law is the proper forum, and is often the only one where full compensation can be had.

3. *Trustees—Property knocked down at auction—Remedies at law and in equity.*—Where property offered by the trustee for sale at auction, is knocked down to the highest bidder, the sale may be enforced in equity by a suit for specific performance, or the bidder may be held liable at law in damages.

4. *Trusts and trustees—Release of bidders at trust sale, and re-sale of property—Remedies of party injured.*—Where, at a trust sale, land is bidden off by responsible bidders, the action of the trustee in releasing them is wrongful and indefensible; but if he subsequently sells the land for a less sum, the party injured need not proceed in equity to set aside the second sale, but may elect to allow it to stand, and have his action of damages against the trustee for the resulting losses.

5. *Practice, civil—Statute of frauds must be invoked by answer, when.*—If a transaction is set up in a petition which makes a good cause of action at common law, the objection that it is within the statute of frauds, as not being evidenced by any writing, must be set up by answer, and cannot be raised by demurrer.

## *Appeal from Buchanan Circuit Court.*

*Hunter, Mossman & Ramey,* for Appellant.

Defendant is not here sued as a trustee, but for injuries sustained by reason of his tortious agreement to release the bidders at the first sale. He had authority to make that sale, but in the sale of the land, his powers were ended, his trust was closed, he had no power to discharge the bidders, his power to adjourn the sale (see Judge vs. Booge, 47 Mo. 550; Richard vs. Holmes, 18 How. 147 ; Gardner vs. Armstrong, 31 Mo. 535 ; Dover vs. Kennerly, 38 Mo. 469 ; Bernard vs. Duncan, 38 Mo. 170,) gave him no such right. And when by the second sale eight hundred and six dollars were lost to the plaintiff, he had his cause of action against the trustee, and the suit was properly an action at law for damages. (Rutherford vs. Williams, 42 Mo. 32, 35, 36 ; 7 Johns. Ch. 14 ; 6 Ark. 612 ; 2 Sch. & Lef. 630 ; 4 Johns. Ch. 654 ; 2 Ves. Sr. 19 ; 1 Bald. U. S. Cir. Ct., 420, 421, 422--3 ; 11 Wheat. 250 ; 2 Wheat. 56 ; 9 Watts. 32 ; 10 Watts. 318 ; 17 Ves. 273 ; 2 Sto. Eq. § 794 ; 31 Mo. 535.)

Plaintiff may elect to pursue the trust property or to hold the trustee personally, as he has done. (Oliver vs. Pratt, 3 How. U. S. 333 ; Flagg vs. Mann, 3 Sumn. 486 ; Jarritt vs. Moreton, 44 Mo. 275.) Such being his right, the question of the validity of the second sale is immaterial, he has chosen to affirm the first sale, he cannot enforce his rights under it as against the purchasers, he was not a party to the contract of purchase ; (Paige vs. Becker, 31 Mo. 466 ; Gardner vs. Armstrong, Id. 535 ; Jones vs. Miller, 12 Mo. 408,) and defendant bartered away his rights under the sale. But when the trustee released the purchasers, he in effect guaranteed that no loss should result to plaintiff, and against him plaintiff never lost his rights or his remedies. (Peacock vs. Nelson, 50 Mo. 256.)

If the defendant wishes to rely on the statute of frauds as a defense he must plead it. (Gardner vs. Armstrong, 31 Mo. 539–40.) But even in that shape defendant cannot set up the invalidity of his own acts as a defense to this action for damages. (See 47 Mo. 84, and 51 Mo. 23 ; Clarkson vs. Creely, 40 Mo. 114 ; Henderson vs. Henderson, 13 Mo. 151 ; Hamilton vs. Scull, 25 Mo. 165 ; Fenton vs. Hamilton, 35 Mo. 409.)

*Bennett Pike*, for Respondent.

I. The mortgagor is not entitled to sue respondent as trustee for difference in bids of purchasers at the two sales, for he thereby affirms the last sale, and the act of his agent, the trustee, in making it, and the affirmation of the second sale is a repudiation of the first one. In other words he is estopped from objecting to the first sale and from claiming any damages arising therefrom.

II. The petition does not show that the trustee could compel Albin and Weakley, the bidders at the first sale, to' pay their bids. There is no averment therein showing any written contract signed by them, by which they were bound to pay their bids. A memorandum signed by the trustee would not bind them. (Tull vs. David, 45 Mo. 445 ; Ennis vs. Waller, 3 Blackford, 472.)

III. The petition shows the land to have been purchased by the *cestui que trust*, at the last sale. As a result, if the *cestui que trust* has been guilty of any fraud in connection with the

sale of the mortgaged premises, or the trustee has been guilty of any unfair conduct therein, then the mortgagor will be permitted to redeem, and this remedy is necessarily exclusive of any other as there cannot properly be concurrent remedies in law and equity for the same wrong.

IV. If the trustee had been guilty of any wrong or fraud in the execution of his duties under the trust, and the property by his act had passed into the hands of an innocent purchaser, then the trustee might be held accountable, in a court of equity, for the full value of the property on the sole ground that the trust property had passed out of the reach of the court.

WAGNER, Judge delivered the opinion of the court.

This case comes before us for review upon a judgment on demurrer rendered in favor of the defendant. It will be necessary therefore, to determine whether the petition stated a cause of action. The petition in substance stated that Sherwood, the plaintiff, on the 18th day of December, 1871, borrowed twelve hundred dollars of one Ashton, for which he gave his note, due one year after date ; and to secure its payment, he executed a deed of trust on certain real estate therein described, in which deed Saxton, the defendant, was trustee; that Saxton accepted the trust, and default being made in the payment of the note, he proceeded to sell the real estate, and at the sale, Albin and Weakley became the purchasers at the sum of seventeen hundred and forty-six dollars ; that Saxton neglected to execute and deliver deeds to the purchasers, and neglected to demand, sue for or recover the amount of the bids, and neglected to enforce specifically the contract of sale entered into by Albin and Weakley ; but on the contrary, he entered into an arrangement with Albin and Weakley, by which it was agreed that if they would pay the costs and expenses of a re-sale of the property, he would release them from their bids, and that in pursuance of said agreement, Albin and Weakley paid the costs and expenses of the second sale, which was made by the defendant as trustee ; that at the second sale, Ashton, the beneficiary in the trust deed, became the purchaser of the real estate described and

conveyed, for the sum of nine hundred and forty dollars, and that the defendant executed to him a deed therefor.

It is further alleged that the lands were of the value of two thousand dollars, and that Albin and Weakley, the purchasers at the first sale, were entirely responsible, and that the agreement entered into by which they were released was in fraud of the plaintiff's rights; and the petition claims damages against the defendant in the sum of eight hundred and six dollars, the difference between the amount which the property was sold for at the first and second sales.

The main grounds taken in the demurrer are that the plaintiff cannot sue at law, and that if he has any remedy it should be in equity, and that the petition does not show that the first sale was valid, because it is not averred that any note or memorandum thereof was made in writing.

The trustee in a deed of trust to secure an indebtedness, is the agent of both parties, debtor and creditor, and his duties should be performed with the strictest impartiality and integrity. (Goode vs. Comfort, 39 Mo. 313; Carter vs. Abshire, 48 Mo. 300; Chesley vs. Chesley, 49 Mo. 540.)

If the trustee fail in using reasonable diligence, or is guilty of a breach of trust, or an abuse of his discretionary powers, he will be personally responsible to the party injured, who has confided in and trusted to his judgment (Perry on Trusts, § 770; Lewin on Trusts, 423; Pechal vs. Fowler, 2 Anstruther [Excheq.] 549; Quackenbush vs. Leonard, 9 Paige, 347; Osgood vs. Franklin, 2 Johns. Ch. 27); and he is not justified in releasing any security or right pertaining to a matter committed to his charge, unless it will be clearly to the advantage of the *cestui que trust* or the trust estate. (Perry on Trusts, § 485; Lewin on Trusts, 423.) The cases found in the books have generally been proceedings against the trustees in equity, because that remedy was the most efficient in giving adequate relief. Where it is sought to trace up or follow the trust property, or affix a definite charge upon an estate as being liable to a trust, a proceeding in equity against the trustee and all others interested, would be the only remedy which

would be commensurate with the right demanded. A court of equity would be the only tribunal whose jurisdiction would be sufficiently broad and flexible to do complete and adequate justice. But where the trustee is personally liable for the abuse of his powers, or a breach of trust, and the party injured does not desire to proceed against the property and only demands damages, then, a court of law is the proper forum. Indeed, it may often happen that it is the only one in which full compensation can be had. In Dover vs. Kennerly (38 Mo. 469), it was held that where property offered for sale at auction by a trustee in a deed of trust, is knocked down to the highest bidder, the sale may be enforced in equity in a suit for specific performance, or the bidder may be held liable at law for the damages sustained. The remedies are concurrent. Equitable relief may be resorted to, or the right to that kind of interference may be waived, and an action at law for damages substituted. The trustee in the present case, by his alleged wrongful action, precluded the plaintiff from having any action or pursuing any remedy against the bidders at the first sale. Whether plaintiff might not have disaffirmed the second sale and proceeded against the purshasers at the first sale is a question which we are not called upon to decide. But by his bringing his action against the trustee he has elected to allow the second sale to remain, and to recover the damages he has sustained by the perpetration of a wrong against him from the party who committed that wrong. It is the design and object of the law to furnish compensation to an injured party to be recovered from him who was guilty of the tortious act. In many cases, even where the remedies are concurrent, the legal tribunal is more complete and satisfactory than an equitable one. This case is a good example. Should the plaintiff commence his suit in equity, he might set aside the second sale and redeem the land by paying up the indebtedness. But in the meantime the land may have greatly depreciated in value, so that it would be impossible to restore him to what he has lost by the defendant's breach of his trust. An action at law, then, for damages, is the most ample, complete and simple remedy. When the trustee sold the land at

the first sale to responsible parties it was his duty to have compelled them to fulfil their agreement, unless the other parties to the deed had consented otherwise. The arrangement made with the first bidders was wholly wrong and indefensible. Allow such a proceeding, and trustees will then have the power to relieve men from bad bargains, or combine with persons who think it will be to their advantage not to comply with their contracts ; and instead of being the agents protecting the interest of the debtor and creditor, they will be sacrificing them. This power should not be used ; but if they will exercise it, they must not complain if they are answerable in damages to the extent of the injury they have caused.

There is no merit in the point made in the demurrer in reference to the statute of frauds. When a plaintiff states a cause of action the law presumes its validity, and if it is objected that it is void by reason of there not being any writing to the transaction, that is a matter that must be set up in the answer as a defense. (Gardner vs. Armstrong, 31 Mo. 535.)

Wherefor the judgment must be reversed and the cause remanded. All the judges concur except Judge Vories who is absent.