## MAYBEE v. MOORE *et al., Appellants.*

1. **Statute of Frauds** : PLEADING : PRACTICE : WAIVER : PRESUMPTION. Where the plaintiff pleads a contract the law presumes its validity, and if the defendant objects to it upon the ground that it is void by reason of non-compliance with the statute of frauds, he must make the defence in his answer, otherwise the defence is waived.

2. **Vendor and Vendee** : BONA FIDE PURCHASER. A purchaser who has knowledge of a prior sale to another, is not a purchaser in good faith, and stands in no better position than his vendor.

*Appeal from Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*W. H. Brownlee* for appellants.

(1) There being no written contract between Jordan and Maybee, and no possession taken under the verbal arrangement made with Jordan's agent, there was no valid and binding contract. *Adair v. Adair,* 68 Mo. 630, and cases cited. And even if defendant, Moore, knew of the condition of the transaction as it then stood, he had a right to buy the land if he could first complete his purchase and procure a conveyance. The fact that Maybee was treating for the land would not prohibit another party from buying if he could. There is nothing in the evidence to show that Maybee was in any manner bound by the contract he, as plaintiff, is trying to enforce. He had deposited forty dollars, to be applied on the land conditionally. The contract must be mutual. *Mastin v. Haller,* 61 Mo. 196 ; *Paris v. Haley,* 61 Mo. 453. Must have been partly executed and something done besides paying money. *Foster v. Kemmons,* 57 Mo. 488 ; *Sitton v. Shipp,* 65 Mo. 297 ; *Price v. Hurd,* 29 Mo. 173. (2) This contract being made on condition that the vendee should have possession as part of the contract, will not be enforced. *Lourthan v. Stilwell,* 73 Mo. 495 ; *Taylor v. Williams,* 45 Mo. 80. (3) Deed made and placed in the hands of a third party to be delivered on condition, will not make a valid contract, and take the case out of the statute. *Townsend v. Hawkins,* 45 Mo. 286. (4) When the vendor has conveyed to a third party (as in this case), and put it out of his power to convey, the court will not decree a specific performance, but will leave the vendee to his action for damages. *Gupton v. Gupton,* 47 Mo. 37 ; *Lee v. Howe,* 27 Mo. 521. Of course, if there had been part performance, and the purchaser had notice, the rule might be otherwise.

*A. W. Mullins* for respondent.

(1) The question as to the statute of frauds, sought

to be raised in appellants' brief, is not open for conside-
ration by this court. The petition alleges a valid con-
tract, and the answer admits it, and the statute of frauds
is not set up as a defence. It, therefore, follows that
even if the facts had justified such defence (which they
did not), it was waived by the pleadings. *Sherwood v.
Saxton*, 63 Mo. 78, 84; *Graff v. Foster*, 67 Mo. 512, 521;
*Rabsuhl v. Lack*, 35 Mo. 316; *Gardner v. Armstrong*,
31 Mo. 535. (2) The contract between the defendant,
Jordan, and the plaintiff, was sufficiently evidenced by
memoranda in writing to take it out of the statute of
frauds, even if such defence had been interposed by
answer. This is shown by the authority from Jordan to
his agents to sell the land, the receipt given by them to
plaintiff, and by the various letters in evidence from
Jordan to his agents who sold the land to plaintiff, aside
from any consideration of the deed executed to plaintiff
by defendant, Jordan, and sent to his agents. Browne
on the Statute of Frauds, secs. 346, 365; *Ivory v.
Murphy*, 36 Mo. 534; *Ellis v. Bray*, 79 Mo. 227; *Lash
v. Parlin*, 78 Mo. 391; *O'Neil v. Crain*, 67 Mo. 250;
*Moore v. Mountcastle*, 61 Mo. 424. (3) The defendant,
Moore, having purchased with notice and knowledge of
the prior sale of the land to the plaintiff, was not a pur-
chaser in good faith. Having so purchased he stands
precisely in the same situation that the defendant, Jor-
dan, would have occupied if he had not conveyed to
Moore and yet refused to convey to plaintiff. *Farrar
v. Patton*, 20 Mo. 81; *Truesdale v. Callaway*, 6 Mo.
605, 621; 1 Story's Eq. Jurisp. [7 Ed.] secs. 395, 396;
*Fellows v. Wise*, 55 Mo. 413. (4) By the failure of the
defendant, Jordan, to answer plaintiff's petition, or
make any defence in the cause, aside from furnishing
his deposition on behalf of his co-defendant, Moore, the
case against said defendant, Jordan, stands admitted;
and the defendant, Moore, could not question the valid-
ity of the contract between Jordan and plaintiff on the

ground that such contract fell within the operation of the statute of frauds. *Truesdale v. Callaway*, 6 Mo. 621.

BLACK, J.—This is a suit against Moore and Jordan, and has for its object the specific performance of a contract whereby defendant Jordan, through his authorized agents, sold the land in question to the plaintiff. By the contract of sale plaintiff was to have a warranty deed, and was to pay four hundred dollars therefor, one hundred dollars on obtaining the deed and possession, and the remainder in deferred payments secured by deed of trust on the land. Besides a deed made by Jordan to plaintiff and left with his agents, the contract is evidenced by a receipt of the agents for a part of the purchase price, dated in June, 1881, and various letters from Jordan to them, in which they are also instructed to have Moore, who was in possession under claim of lease, ejected, to the end that the contract with plaintiff might be completed.

In January, 1883, Jordan conveyed the land to Moore for a consideration of four hundred and twenty-five dollars, and the evidence is conclusive that the latter had full knowledge of the former contract with plaintiff. The claim now made, that the contract between Jordan and plaintiff was not evidenced by writing and signed as required by the statute of frauds, is not open for our consideration. The contract is pleaded in the petition, admitted by the answer of Moore, and not denied by Jordan, and no such defence is made. Where the plaintiff pleads a contract the law presumes its validity, and if the defendant objects to it because it is void by reason of a non-compliance with the statute, he must make the defence in his answer, otherwise the defence is waived. *Gardner v. Armstrong*, 31 Mo. 535; *Sherwood v. Saxton*, 63 Mo. 78.

The defendant, Moore, having purchased, with

knowledge of the prior sale to plaintiff, is not a purchaser in good faith. He stands in no better position than Jordan would have occupied, if the conveyance to Moore had not been made. *Farrar v. Patton,* 20 Mo. 81. Plaintiff was at all times ready and anxious to complete the transaction according to the terms of the contract, and the decree for specific performance is manifestly right, and is affirmed. **All concur.**