L. V. HARKNESS *et al.*, Appellants, v. JAMES SCAMMON, Respondent.

**Kansas City Court of Appeals, February 8, 1892.**

1. **Negligence:** TRUSTEE: SELLING UNDER DEED OF TRUST. A trustee selling under a deed of trust must use the same skill and prudence that a man of ordinary prudence would use in his own transactions under like circumstances. and the trust constitutes the character of his power and furnishes the measure of his obligations, and he is charged with no extraordinary duty or care, nor is he liable for mere error of judgment; but if he fails in using reasonable diligence or is guilty of any abuse of his discretionary powers he will be personally liable.

2. ——— : ———. A trustee, who, in making a sale under a deed of trust, pursues the ordinary course that he has pursued in numerous other like instances without loss, will not be liable because he failed to require the purchaser to pay his money, or a sufficient per cent. to cover costs, especially when the purchaser had made other purchases of him, and always complied with his bid.

3. **Trustee :** SALE AND RESALE. Where a trustee selling under deed of trust knocks off the property without condition, he cannot resell without readvertising.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*C. E. Burnham*, for appellants.

(1) A trustee is bound to perform all acts which are necessary for the proper execution of his trust. Story on Contracts [5 Ed.] sec. 297. He is liable when he does not exercise the diligence that a good business man would, when exercising such a trust. His liability is entirely independent of the question of good faith, for he will be liable for a failure to discharge his duties even when no wrongful intent or violation of good faith is

Harkness v. Scammon.

charged upon him. Wharton on Neg., sec. 518; 2 Pomeroy's Eq. Juris., sec. 1066; *Sherwood v. Sexton,* 63 Mo. 78; Perry on Trusts [ 3 Ed.] sec. 770; *Goode v. Comfort,* 39 Mo. 313; *Tatum v. Holliday,* 59 Mo. 422; *In re Mayfield,* 17 Mo. App. 684; *Powers v. Kueckhoff,* 41 Mo. 425; *Waterman v. Spaulding,* 51 Ill. 425; *Cassell v. Ross,* 33 Ill. 244; *Jacobs v. Turpin,* 83 Ill. 424. (2) He should require cash to be paid at the time of sale, and in case the bidder does not do so he should reject the bid and resell the property the same day. *Million v. McRee,* 9 Mo. App. 344; *Dover v. Kennerly,* 38 Mo. 470; 2 Barbour's Chan. Prac. [ 2 Rev. Ed.] p. 527, note 37; *Davis v. Hess,* 103 Mo. 36, 37; *Negley v. Stewart,* 10 Serg. & R. 207; *Isler v. Andrews,* 66 N. C. 552; *Phillips v. Foster,* 19 Ga. 298; *Gray v. Viers,* 33 Md. 18. (3) Where there is no dispute as to facts the question of negligence is one of law for the court. *Mauerman v. Siemerts,* 71 Mo. 101; *Bell v. Railroad,* 72 Mo. 50; *Kinney v. City of Springfield,* 35 Mo. App. 97; *Powell v. Railroad,* 76 Mo. 80.

*James Scammon, pro se.*

A trustee in a deed of trust, diligently and in good faith selling under the power therein to a person believed to be a *bona fide* bidder, is not responsible for costs of sale in event of failure of bidder to complete the purchase. Nor under such circumstances is the trustee authorized to demand any portion of the purchase money until a deed has been prepared and a reasonable opportunity been given to inspect it by the purchaser or his attorney. *Sherwood v. Sexton,* 63 Mo. 78, 82; *Barnard v. Duncan,* 38 Mo. 170, 183; *Goode v. Comfort,* 39 Mo. 313, 326; *Goldsmith v. Osborne,* 1 Edwards' Ch. N. Y. 560.

SMITH, P. J.—This was an action for damages grounded on the negligence of the defendant. The undisputed facts are that the defendant was the trustee

in a deed of trust and at the request of the plaintiffs, who were beneficiaries therein, he advertised the property for sale in accordance with the powers conferred by the deed. The advertisement was for cash. At the sale one Dunn, being the highest bidder, the property was knocked off to him. The defendant at the time of the sale remarked to him to come to the office of the former and they would close it up. Just after leaving the place of sale, Mr. Laughlin, the attorney for the plaintiffs, spoke to the defendant saying, "Is that man (meaning the purchaser) all right?" The defendant responded by saying: "I think so, I have already sold two or three to him, and he always came to time."

After that defendant went to his office and drew up the deed, and sent one of his clerks for the purchaser, but he did not come up then or subsequently and pay the purchase price bid for the property and receive the deed. Subsequently the plaintiffs who had contracted for the advertisement of the sale were compelled to pay the cost thereof, and to recover the same they brought this suit against defendant on the ground that he had neglected to require a cash deposit of the purchaser Dunn to cover the costs of sale, etc. ; but had relied wholly on the credit of the purchaser to carry out his purchase, contrary to the deed of trust and notice of sale. It further appeared that the purchaser Dunn was the clerk of the grantor in the deed of trust, and was irresponsible.

It is conceded that defendant acted in good faith, and had no suspicion but that the purchaser would make good his purchase and carry it out. The defendant had as trustee made from five hundred to one thousand sales, and, in two instances where he had suspicion that there would be a "by-bid" for the purpose of frustrating the sale, he had announced at the sale that he would have the deed ready at a specified time and that unless the purchaser should pay the amount of his bid by four o'clock of that day he would reappear at the same place and resell the property. There was nothing

of the kind said by him in this case, there being no ground to suspect the purchaser would not pay his bid, or that his purchase was a sham. Defendant had never in making any sale required a deposit, nor given the notice except in the two instances already referred to. He conducted this sale as was his usual and customary habit in making such sales, and never before met with any difficulty in transacting the same. The case was submitted to the court on the evidence, and the verdict was for the defendant. The plaintiffs appeal.

The appealing plaintiffs contend that upon the facts stated it was defendant's duty as trustee in selling said property to either tender his deed and demand payment at that time, or give notice before he adjourned the sale, that if the trade was not closed up in a certain time he would reappear at that place at that time, and resell the property. Or that he should have demanded or required a cash deposit to cover the cost of readvertising and reselling said property in case purchaser failed in the performance of his contract. Or that such a deposit should be required to insure the bona-fideness of the bid and the good faith of the purchaser. In examining the grounds of this contention we may premise that it is one of the branches of a trustee's obligation to use care and diligence in the discharge of his functions. This duty is quite independent of the question of good faith, for he will be liable for its failure even when no wrongful intent or violation of good faith is charged upon him. The trust itself constitutes the character of his powers, and furnishes the measure of his obligations. In executing the powers derived from it he must use the same skill and prudence that a man of ordinary prudence would use on his own transactions under like circumstances. The law does not cast upon a trustee an extraordinary duty, nor demand extraordinary care, nor hold him liable for mere error of judgment. If he has exercised the care and judgment of ordinary, conscientious, prudent business men

in their own affairs he will not be chargeable for his mere errors of judgment. 2 Pomeroy's Eq. Jur., secs. 1062, 1070; Wharton Neg., secs. 515, 518; Story on Contracts [5 Ed.] sec. 297; Perry on Trusts [3 Ed.] 770; Lawson's Rights & Rem., sec. 2028. If a trustee fail in using reasonable diligence, or is guilty of any abuse of his discretionary powers, he will be personally liable to the person injured, who has confided in and trusted to his judgment. *Sherwood v. Sexton*, 63 Mo. 78. So, the question here presented is, whether the defendant, in his quality as trustee, exercised that diligence which a good and conscientious business man would exercise when charged with the execution of a like trust.

In *Davis v. Hess*, 103 Mo. 36, it is said that the trustee had the right to require the cash to be paid by the bidder at the time of sale, and if the bidder does not do so he should reject the bid and resell the property the same day. In that case the trustee made proclamation that the purchase money must be paid in thirty minutes after the sale; when the property was knocked off to the bidder, she was asked what she could do, and she said she did not know; she then left and did not return to the place of sale. The property was then resold. The question before the court on this state of facts was whether the trustee acted so oppressively as to justify the court in setting aside the sale. It was decided in the negative. No such question is there decided as is presented in this case.

Undoubtedly, a trustee has the right to demand the payment of the purchase money at the time of sale. There may be such facts or circumstances in the knowledge of the trustee as would require him, as a good and conscientious business man to make that requirement. It may be that he has ground to suspect that certain persons intend to make a sham bid, or intend to frustrate the sale by bidding, and, in such case, common prudence would suggest to him the propriety of doing

just what was done in *Davis v. Hess*, or what was done
by defendant in the cases he instanced.

But must a trustee take these precautions under
ordinary circumstances? Must he in every case require
the payment of the purchase money at the instant he
makes the sale? We think not. This would generally
be an impracticable and unreasonable requirement of
the purchaser. In *Goode v. Comfort*, 39 Mo. 313, the
supreme court declared: "Sales by trustees have
been likened to sales by a master in chancery, and the
rule was always to allow the purchaser a reasonable
time, a fair opportunity, to examine his deed or to sub-
mit it to the inspection of his counsel before he was
forced to part with his money." According to this rule
the defendant, unless under the conditions already
referred to, had the right after the sale to repair to his
office, prepare the deed and submit it to the purchaser
or his counsel for inspection, before requiring payment
of the purchase money.

It is conceded that he had no reason before or at
the time of this sale to suspect the purchaser would not
accept the deed and pay the purchase money, or that
his bid was for the purpose of frustrating the sale. If
there was any fact in the record, as there is not, from
which the defendant might have inferred that the bid
of the purchaser was to frustrate the sale, then it would
have been his duty to have taken some such precaution
as the plaintiffs contend he should. He had no grounds
to suspect anything of the kind. He had, at other
trustee's sales made by him, knocked off property to
Dunn, the purchaser, and in each instance he had made
good his bid. Why should the defendant in this case
require of Dunn the compliance with different condi-
tions from those in former like sales at which he was the
highest bidder? Would a prudent business man have
acted differently? We must think not.

After having knocked off the property to Dunn
without imposing any of the conditions for which

plaintiffs contend, as we think he had a right to do, he could not resell the property without readvertising the same. *Judge v. Booge*, 47 Mo. 545; *Davis v. Hess*, *supra*.

The undisputed fact that defendant as trustee had made from five hundred to one thousand sales under the same conditions that the one in question was made without a single failure or miscarriage would strengthen the conviction that the defendant has been guilty of no imprudence or failure to exercise that measure of diligence enjoined by law. It seems to us that the defendant throughout the transaction exercised the care and judgment that any ordinary prudent business man would have exercised, and that there is no ground or principle upon which negligence ought to be imputed to him. If a trustee acting in good faith under the circumstances of this case can be held liable, then, indeed, will it be quite difficult to find proper persons who are willing to accept such trusts when fraught with so much risk. *Barnard v. Duncan*, 38 Mo. 170.

We think the trial court committed no error in finding for the defendant, and so its judgment must be affirmed. All concur.