I. H. VAN IDOUR & COMPANY, Respondents, v. NELSON, WEBB & AYLOR, Appellants.

Kansas City Court of Appeals, January 28, 1895.

1. **Frauds and Perjuries:** CONTRACT: PLEADING. When a petition declares on a contract, without disclosing whether it is in writing or rested in parol, it will be presumed to be the allegation of a valid contract.

2. ———: ———: ———. When the contract is not denied the statute must be specifically pleaded; but, if the contract is denied, the statute may be invoked at the trial; but, if not then invoked it will be waived, as it is an affirmative defense. Cases discussed and distinguished.

3. ———: PLEADING: EVIDENCE. The petition was in *quantum meruit;* the answer, a special contract to be paid for in mining lots and failure to perform contract; replication, a general denial. Defendants testified that plaintiff did not comply with the contract and they owed them nothing. *Held,* that the denial of liability excused the plaintiff from demanding deeds and from pleading the statute of frauds.

4. **Action:** PARTIES: HYPOTHECATION. The fact that the plaintiff has hypothecated the claim in suit as collateral security for a debt does not deprive him of the title to his cause of action, as the ownership and beneficial interests remained in him.

*Appeal from the Jasper Circuit Court.*—HON. W. M. ROBINSON, Judge.

AFFIRMED.

*McReynolds & Halliburton* for appellants.

(1) The plaintiffs not having pleaded the statute of frauds in their replication and in their evidence admitting that under the contract with defendants they were to be paid in town lots, defendants were entitled to have submitted to the jury the question whether plaintiffs had selected such lots, and whether defendants were ready and willing to pay plaintiffs in lots as per contract. *Maybe v. Moore*, 90 Mo. 340–343; *Hackworth v. Zeitinger*, 48 Mo. App. 35. (2) The evidence showing that plaintiffs were to be paid in lots and that they had transferred their interests in said lots to the Webb City bank, they were not entitled to recover in this cause. *Allger v. Walsh*, 24 Mo. App. 134–144.

*Thomas & Hackney* for respondents.

(1) The trial court properly excluded the instrument of writing executed by plaintiffs to the Webb City bank, hypothecating their claim against defendants to secure $135. This instrument did not divest plaintiffs of their ownership of, or title to, the chose in action. It did not operate as an assignment of their cause of action. Anderson's Law, Dict., title "Hypothecation"; 9 Am. and Eng. Encyclopedia of law, p. 852. (2) There was no necessity for plaintiffs to plead the statute of frauds in their replication to the defendants' amended answer. They were not seeking to shield themselves from the obligations of their contract by reason of its being oral and not reduced to writing. They were unable to get defendants to comply with their part of the contract. The real point of contention between plaintiffs and defendants, before suit was brought and on the trial, was as to whether the contract, as entered into, required plaintiffs to drill two holes, or only one

hole 200 feet deep. On this issue, fairly submitted, the finding of the jury was in favor of the plaintiffs. This refusal of defendants to convey dispensed with the necessity of selection of lots by plaintiffs. *Dobbins v. Edmonds*, 18 Mo. App. 316; *Harwood v. Diemer*, 41 Mo. App. 51.

ELLISON, J.—The nature of this action and the defense can be fully understood by setting out the petition and answer. The petition is as follows:

"Plaintiffs for amended petition herein state that, at the time hereinafter mentioned, plaintiffs were partners engaged in the business of deep drilling, under the firm name of I. H. Van Idour & Company. That between the —— day of August, 1892, and —— day of November, 1892, plaintiffs did certain drilling for the defendants on defendants' land, known as Central addition in the city of Webb City, at defendants' special instance and request; that said drilling amounted to three hundred and ninety-three feet and the defendants' agreed to pay plaintiffs' what the same was reasonably worth; that the same was reasonably worth the sum of $2 per foot, amounting in the aggregate to the sum of $784," etc.

The answer is as follows: "Now come defendants and, for answer to amended petition of plaintiffs herein, deny each and every allegation therein contained, except such as are expressly hereinafter admitted.

"Defendant, further answering, says that they had a contract with plaintiffs by which it was agreed that plaintiffs were to drill two holes as deep as defendants wanted the same, to be not less than two hundred feet each, and deeper if defendants desired, for which defendants were to pay the plaintiffs in town lots in the Central addition to Webb City, giving plaintiffs inside lots at $300 each, and outside lots at $350 each, and

was to pay plaintiffs at the rate of $2 per foot for said drilling, said lots to be selected by plaintiffs.

"Defendants further say that plaintiffs wholly neglected, failed and refused to comply with their part of said contract and refused to drill the holes as requested by defendants and to the depth required by defendants as agreed in their contract, but pulled their drills out and quit work without defendants' knowledge or consent. Defendants say that they have been ready and willing at all times to comply with their part of the contract whenever plaintiffs finished the work agreed to be done, and ready to transfer lots to the plaintiffs as agreed, in payment therefor, but by plaintiffs' neglect and refusal to comply with their contract, defendants have been damaged in the sum of five hundred dollars ($500). Defendants further say that plaintiffs have never selected any particular lots in said Central addition, nor have plaintiffs ever demanded that defendants deed them any particular lot or lots in said addition in payment for work.

"Defendants further answering say that a long time prior to the commencement of this suit, plaintiffs assigned and transferred all claims and interest they might have against the defendants for said drilling, to the Webb City Bank, a corporation organized under the laws of the state of Missouri." The reply was a general denial.

Defendants make the point here that, since the answer sets up a contract to convey the lots mentioned, in payment for the work, and since the reply is a general denial, not pleading the statute of frauds, plaintiff has waived any right under that statute, on account of the contract not being in writing; their contention being that the statute not being pleaded, the contract is, as to this case, a valid contract and

plaintiffs should have selected the lots and demanded their deeds of defendants for them.

By reference to adjudicated cases in this state, it will be seen that there has been some misunderstanding as to the rule relating to pleading the statute of frauds. In New York the rule is that, when the petition declares on a contract without disclosing whether it was in writing or rested in parol, it will be presumed to be the allegation of a valid contract, and that, under a general denial, the statute of frauds may be invoked, since by such plea the validity of the contract is put in issue and the plaintiff must make out his case by legal testimony. *Marston v. Sweet*, 66 N. Y. 206; *Bank v. Root*, 4 Paige, 481. And this is the rule in this state and has been from the beginning, though, as before stated, some misunderstanding is evidenced. *Wildbahn v. Robidoux*, 11 Mo. 659; *Hook v. Turner*, 22 Mo. 333; *Allen v. Richard*, 83 Mo. 55; *Springer v. Kleinsorge*, 83 Mo. 152. In *Wildbahn v. Robidoux*, it is said: "When an agreement is denied in the defendant's answer, it is not necessary for him to insist upon the statute as a bar. But the complainant in such case must produce legal evidence of the existence of the agreement, which can not be established by parol proof. If an agreement is alleged to have been made, it is not necessary to aver that it was in writing, for the law will presume that it was a valid one. Formerly an idea prevailed that a court of chancery was compelled to execute a parol contract admitted by the answer, although the statute was, at the same time, insisted on against the relief sought. But it is now well settled that a party may admit the agreement and insist on the statute as a defense; but, if the agreement is admitted and the statute is not insisted on, a specific performance will be decreed on the ground that the party has thereby renounced the benefit of the statute. *Quilibet potest*

*renunciari juri pro se introducto.''* This extract shows the true rule and the distinction between instances where it is necessary to plead the statute and where it is not. When the contract is not denied, the statute must be specifically pleaded. But if the contract is denied, the statute may be invoked at the trial without having been pleaded. Though, in such case, if it is not insisted on at the trial, it will be waived; for it is an affirmative defense. And so it has been well decided by the St. Louis court of appeals that in a case originating before a justice of the peace, where there are no pleadings, the party relying upon the statute, must assert it, either by objection to testimony, or instructions. *Scharf v. Klein*, 29 Mo. App. 549.

Some of the cases, among them *Donaldson v. Newman*, 9 Mo. App. 235; *Glass v. Gelvin*, 80 Mo. 300, and *Gordon v. Madden*, 82 Mo. 193, though cases in which the contract was denied, have asserted that the statute should have been pleaded, and these cases rely for authority on cases in which, from the report, it either does not appear whether the contract was denied, or whether it does appear the contract was admitted. There are a number of other cases to be found in our reports, some losing sight of the difference to be made in the application of the rule of pleading, while others state the rule correctly, as applied to the case, without referring to the difference in its application to other conditions. In *Maybee v. Moore*, 90 Mo. 340, it is declared that, for the statute to be available as a defense, it must be pleaded. But in that case the contract was admitted. The cases of *Sherwood v. Saxton*, 63 Mo. 78, and *Roth v. Georger*, 118 Mo. 556, arose on demurrer, and it is stated that it is necessary to plead the statute; yet, though the rule is stated without qualification, it is evident it was not intended to apply such rule to all cases to which the statute would apply.

But, even if we should concede to defendants the position that a general denial would not justify the defense of the statute, we are of the opinion that they are not in a position to urge the contention above noted. The testimony given by defendants themselves shows that they would not have made deeds for the lots under the contract. It shows that they, in effect, so stated to plaintiffs. It shows that they were willing to make a deed in payment of the one hole drilled, but it was on condition that it should settle for the whole work. Defendants testified that the plaintiffs did not comply with the contract and that they did not consider they owed them anything, but were willing to make a conveyance of sufficient of the property to pay for drilling one hole, as a compromise. This denial of any liability, and refusal to convey under the contract excused plaintiff from the necessity of selecting lots and demanding deeds. Their claim became a money demand. If defendants were right in their position, then, of course, plaintiffs would fail in their action. This matter of issue between them was submitted to the jury under proper instructions, and the finding was for plaintiffs.

Defendants' remaining objection to the judgment is, that, since it appeared in evidence that plaintiffs were to be paid in town lots, and since the evidence further showed that they had transferred their interest in the lots to the Webb City Bank, they could not recover. Our answer to this is, that the evidence does not sufficiently bear out the objection. The evidence did not show anything more than a hypothecation of the plaintiffs' interest in the contract, as collateral security for two small loans, aggregating $135, which plaintiffs had of the bank. This did not have the effect of depriving plaintiffs of the title to their cause of action. The language of the instrument to the

bank was, that plaintiffs "hereby hypothecate to the Webb City Bank their claim or equity against said Nelson *et al*, for said drilling, as security for said sum of $135." The ownership and beneficial interest in the cause of action or contract remained with plaintiffs, subject to whatever lien (if any) was given to the bank by the aforesaid paper.

We see no reason for interfering with the judgment, and, therefore, must order its affirmance. All concur.