ROYAL REMEDY & EXTRACT COMPANY, Appellant, v. GREGORY GROCER COMPANY, Respondent.

Kansas City Court of Appeals, June 3, 1901.

1. **Statute of Frauds:** TRIAL PRACTICE: AFFIRMATIVE DE-FENSE. When at the trial, on a general denial, it develops by the evidence that the plaintiff is seeking to recover on a contract within the statute of frauds, defendant should object to the evidence or at the close of plaintiff's case ask a peremptory instruction; but if he goes on and by his evidence attempts to show no such contract exists, he waives the defense of the statute and can not, by instruction, for the first time raise the question of the statute.

2. ———: CONTRACT OF AGENCY: INTEREST. A contract for an agency for an indefinite time, and not coupled with an interest, is not within the statute of frauds and is revocable at any time, but if the agent has incurred expense and expended time and labor in the matter, the principal can not appropriate the results without compensation.

3. **Trial and Appellate Practice:** CONFLICTING EVIDENCE: FINDING. There is sufficient evidence to sustain a finding of the trial court, and the appellate court will defer to such finding where the evidence is conflicting.

4. **Sales:** FRAUD: PURPOSE OF PURCHASER. The evidence fails to show that the purchaser bought the goods intending not to pay for them, but does show the purchase was made with the object of compelling the plaintiff to credit the amount of defendant's claim for damages.

Royal Remedy Co. v. Gregory Grocer Co.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*Goldsby & Farrar* for appellant.

(1) According to the answer of the defendant, taken in connection with the evidence of R. L. Gregory, the contract set up by defendant, in its answer, was a verbal contract which could not be performed in one year, and, in fact, ran *ad infinitum.* This, according to the Revised Statutes of 1899, section 5186, is within the statute of frauds. Pitcher v. Wilson, 5 Mo. 46; Briar v. Robertson, 19 Mo. App. 66; Schultz v. Tatum, 35 Mo. App. 136. (2) Where the contract is denied the statute of frauds is available without special pleading. Miller v. Harper, 63 Mo. App. 296; Hillman v. Allen, 145 Mo. 643; Hurt v. Ford, 142 Mo. 283; Van Idor & Co. v. Nelson, 60 Mo. App. 528; Springer v. Kleinsorge, 83 Mo. 152. (3) Where the contract is denied, the statute of frauds may be asserted by objection to the testimony or by instructions. In this case, the statute of frauds was raised by a declaration of law. Van Idor & Co. v. Nelson, 60 Mo. App. 528; Clement v. Gill, 59 Mo. App. 484; Yeoman v. Mueller, 33 Mo. App. 347; Bldg. Ass'n v. Kleinhoffer, 40 Mo. App. 392; Bernhardt v. Walls, 29 Mo. App. 206. (4) The defendant's agency was not for a definite period, nor coupled with an interest, therefore, the plaintiff had the power to terminate at will. State ex rel. v. Walker, 88 Mo. 279; Burke v. Priest, 50 Mo. App. 310; Missouri v. Walker, 125 U. S. 339; Machine Co. v. Ewing, 141 U. S. 627; Mecham on Agency, secs. 204, 207, 209, 214; Green v. Cole, 103 Mo. 70, 78; Boogher v. Ins. Co., 8 Mo. App. 533; Story on Agency, secs.

462, 463; Hunt v. Rousmanier, 8 Wheaton 174; Barr v. Schroeder, 32 Cal. 609; Coffin v. Landis, 46 Penn. St. 431; Hartley's App. 53 Penn. St. 212. (5) Witness Gregory, defendant's manager, in his letters and in his testimony says, that when he ordered the bill of goods "sued on herein, he never intended to pay for them unless compelled by court. This was a fraud on plaintiff, and defendant should not in this case have been allowed to take advantage of his own wrong." Moore v. Hinsdale, 77 Mo. App. 217, 223; Mfg. Co. v. Troll, 77 Mo. App. 345; Reid & Co. v. Lloyd, 67 Mo. App. 513; Elsass v. Harrington, 28 Mo. App. 300; Leedom v. Carpet Co., 38 Mo. App. 432; Strauss v. Hirsch, 63 Mo. App. 95; Dry Goods Co. v. Jacobs, 66 Mo. App. 363.

*Botsford, Deatherage & Young* for respondent.

(1) We submit, in this case, that the plaintiff, by failing to invoke the statute of frauds, either in his pleading or at the trial, by objecting to the evidence, waived that defense. Schultz v. Tatum, 35 Mo. App. 136, 142; Rabsuhl v. Lack, 35 Mo. 316, 322; Sherwood v. Saxton, 63 Mo. 79; Maybee v. Moore, 90 Mo. 340, 343; Bless v. Jenkins, 129 Mo. 647, 656; Cash v. Clark, 61 Mo. App. 636; Hobart v. Murray, 54 Mo. App. 249, 254. (2) It is well settled that performance of a contract, void under the statute of frauds, takes away the right of defense based on that statute. Smock v. Smock, 37 Mo. App. 56, 67; Marks v. Davis, 72 Mo. App. 557; Self v. Cordell, 45 Mo. 345; McConnell v. Brayner, 63 Mo. 461; West v. Bundy, 78 Mo. 407; Sharkey v. McDermott, 91 Mo. 647; Bless v. Jenkins, 129 Mo. 647, 657; Hall v. Harris, 145 Mo. 614, 622. (3) A contract creating an agency or employment for an indefinite length of time, and which may be terminated by notice from either party at any time within a year, or after, does not violate the statute of frauds. Foster v.

McO'Blenis, 18 Mo. 90; Suggett v. Cason, 26 Mo. 221, 225; Price v. Haeberle, 25 Mo. App. 206; Harrington v. Railroad, 60 Mo. App. 223; 8 Am. and Eng. Ency. of Law, p. 689.

BROADDUS, J.—The plaintiff corporation, located in the State of Ohio, sues the defendant company, located in Kansas City, Missouri, for a bill of goods sold the defendant on the fourth day of April, 1896, of the value of $194.62.

The defendant's answer consists of a general denial and a counterclaim. The nature of this counterclaim is, that in January, 1892, the defendant being engaged in the wholesale grocery business, it was agreed between the plaintiff and defendant that the defendant would, in the territory in which it did business, work up a sale for and in behalf of the plaintiff of various extracts and chewing gums manufactured by plaintiff, and that defendant, for such services to be so rendered, was to receive and retain at least twenty-five per cent of the amount of sale so made for its profit; and that the defendant should have the exclusive sale of all said extracts and gums so manufactured by plaintiff in and for said territory so far as Kansas City houses were concerned, and that no house at Kansas City should have the sale in said territory of any of said goods so manufactured by plaintiff. Defendant then alleges that in pursuance of said agreement, in the years 1892-3-4-5, it worked up a large trade in said territory for said goods received from the plaintiff and sold large quantities of them. It is further alleged that, notwithstanding said agreement the plaintiff, in the years 1895 and 1896, sold large quantities of said goods to Ridenour-Baker & Co., a partnership doing business in Kansas City; that said last-named company thereafter sold said goods of plaintiff in said territory; and that the defendant thereby lost the profit thereon amounting to over the sum of $250, for which amount it prays judgment

against the plaintiff.

The reply puts in issue the allegations of the counter-claim. On the trial there was no dispute about the justness of plaintiff's account. The suit was instituted the eighth day of March, 1898, and tried on the fourteenth day of April, 1900. The finding was for the defendant for $55.38, the difference between the amount of plaintiff's account and defendant's counterclaim.

There was evidence tending to show that the agreement set up in defendant's answer was entered into some time in the summer of 1892; that the plaintiff sold to Ridenour-Baker & Co., at Kansas City, Missouri, in 1895-6, certain of the goods mentioned upon which a twenty-five per cent commission would amount to $250; and that defendant exerted itself to sell plaintiff's said goods in said territory. The plaintiff introduced evidence tending to disprove defendant's counterclaim. The court, sitting as a jury, found that the defendant's counterclaim had been sustained. The only question before this court is: Was the trial court, under the pleadings and evidence, sustained by the law in its finding and judgment?

It is the contention of the plaintiff and appellant that defendant's counterclaim is within the statute of frauds. The defendant denies the contention; and further, asserts that if it was, that the plaintiff has waived the statute by not pleading it and by not objecting to the introduction of evidence in support of the counterclaim during the trial, having first raised the objection on its instruction asked of the court. Plaintiff asked the court to declare, as a matter of law, on the facts, that defendant's counterclaim was within the statute of frauds, and again that said agreement set up in defendant's answer, not being in writing, and no fixed period of time named for its duration, it could be annulled at any time at the will of either party; and, therefore, defendant could not recover. These

declarations of law were refused by the court, which refusal is claimed as error.

In Van Idor v. Nelson, 60 Mo. App. 528, it was held: When the contract is not denied the statute must be specifically pleaded, but if the contract is denied, the statute may be invoked at the trial; but if not then invoked it will be waived, as it is an affirmative defense. And the court cites in support of its ruling the following cases, viz.: Marston v. Swett, 66 N. Y. 206; Bank v. Root, 4 Paige 481; Wildbahn v. Robidoux, 11 Mo. 659; Hook v. Turner, 22 Mo. 333; Allen v. Richard, 83 Mo. 55; Springer v. Kleinsorge, 83 Mo. 152. There seems to be uniformity in the Appellate and Supreme Courts upon this question. In Yeoman v. Mueller, 33 Mo. App. 347, which was a case originating before a justice of the peace, it was held that as the defense of the statute of frauds was not raised either by a defensive pleading, by objections to evidence, or by request for instruction in the trial court, it could not be raised for the first time on appeal. In Scharff v. Klein, 29 Mo. App. 549, the court held that under the general issue the defense of the statute of frauds could not be raised by instruction unless a foundation is first laid by an objection to the evidence. It has also been held in this State that if the statute of frauds is relied on as a defense it must be pleaded. Maybee v. Moore, 90 Mo. 340; Gardner v. Armstrong, 31 Mo. 535; and Sherwood v. Saxton, 63 Mo. 78. But, as stated, there seems now to be unanimity in holding to the rule that under the general issue the statute may be invoked by objections to the evidence, or by instructions. However, as we have seen in the case of Scharff v. Klein, supra, under some circumstances the statute can not be made available as a defense by instruction. There must be a foundation laid for the defense by objections to the evidence.

In the case at bar, when it was developed by the evidence

that the plaintiff was seeking to recover on a contract within
the statute, the defendant should have objected to the evidence,
or upon the close of the plaintiff's case have asked an instruc-
tion against the defendant's right to recover.   Not having done
either, but having introduced its evidence tending to disprove
the case made by defendant to sustain its contract set up in
the answer, plaintiff waived its defense of the statute of frauds.
On the trial the defendant had rested its case upon the theory
that no such contract existed, and it was too late to adopt
another and different theory.   Its defense of the statute of
frauds was an affirmative defense, but its defense on the trial
was a negative one: that is, that there was no such contract as
alleged by the defendant.

We are of the opinion, however, that the contract in ques-
tion is not within the statute of frauds, but that it amounts to
a contract making the defendant the plaintiff's agent for an
indefinite length of time.   No duration of the agency is fixed
by the alleged contract, and as the agency is not coupled with
an interest, it was revocable.   The defendant had no interest
in the goods to be sold, but had a commission for those sold.
State ex rel. v. Walker, 88 Mo. 279, and the authorities cited.
An agent for an indefinite length of time, who has no interest
in the subject-matter of his agency, can be discharged at any
time.   Boogher v. Life Ins. Co., 8 Mo. App. 533; Glover v.
Henderson, 120 Mo. 367.   But if the agent has in good faith
incurred expenses and expended time and labor in the matter
or agency, the principal will not be permitted to terminate it
and appropriate the results of the agent's services without
compensating him therefor.   Glover v. Henderson, supra;
Boogher v. Life Ins. Co., supra; State ex rel. v. Walker, supra.
The selling by plaintiff to others, of its goods within said ter-
ritory, may be treated as an act of revocation of defendant's
agency, but it would not have the effect, under the foregoing

authorities, or under any honest rule, to permit plaintiff to appropriate the result of the defendant's services without compensation. This, from the record, seems to have been the view taken of the law of the case by the trial court, as shown by allowance of twenty-five per cent as commission to defendant for plaintiff's sale of goods to Ridenour-Baker & Co.

The plaintiff contends that the finding of the court is not sustained by the facts, but an examination of the record does not support this contention for there was evidence which justified the finding. It is a rule that appellate courts will defer greatly to the findings of the trial judge, for the reason that his opportunities of weighing the testimony of witnesses and judging of their credibility are much better than those of the appellate judges.

The plaintiff further contends that as the defendant bought the bill of goods in suit with the intention of not paying for them, he thereby committed a fraud and should not be permitted to take advantage of his own wrong. The evidence does not show that the defendant company did not intend to pay for the goods when they were bought, but it shows that the goods were bought with the object of bringing the plaintiff to terms, viz.: of compelling plaintiff to credit the amount on defendant's claim for damages.

Finding no error in the cause it is affirmed.