E. YEOMAN *et al.*, Respondents, v. FREDERICK MUELLER, Appellant.

St. Louis Court of Appeals, January 2, 1889.

1. **Contract :** EVIDENCE. Where the defendant had contracted with a builder to erect for him some houses, and the builder employed the plaintiffs to do part of the work, there is no foundation for a defense that the defendant did not employ the plaintiffs, when it is shown that, in a discussion between the parties about the price to be paid, the defendant finally told the plaintiffs to go on with the work and let him off as light as possible.

2. **Practice, Appellate :** STATUTE OF FRAUDS. When the statute of frauds was not made a defense in the courts below, either by a defensive pleading, by objections to evidence, or by request for instructions, it cannot be raised for the first time on appeal.

3. **Statute of Frauds:** ORIGINAL UNDERTAKING. Although the defendant's original contract was made with a third party, he cannot defend under the statute against the plaintiff's demand as a collateral obligation, when he personally requested the plaintiffs to go on with the work, at a time when they would have abandoned it, but for such request.

4. **Practice, Appellate :** DAMAGES ON AFFIRMANCE. It appearing from the defendant's own testimony at the trial that his defense is without substantial merit, the judgment is therefore affirmed with ten per cent. damages.

*Appeal from the St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

AFFIRMED (*with damages*).

*Christian & Wind,* for the appellant.

There is no evidence to sustain the allegation that defendant employed plaintiffs to build the stairs for him. Mueller's promise to pay Yeoman is within the statute of frauds, and void because not in writing. *Dugan v. Conzelman,* 21 Mo. 424; *Bresler v. Pendall,* 12 Mich. 225; *Tilistone v. Nettleton,* 6 Pick. 509; *Berkshire v. Young,* 45 Ind. 461; *Bonchell v. Neaster,* 36 Ohio St. 331. The fact that the work was not yet completed does not alter the case. Wood on Fraud, sec. 126; *Bresler v. Pendall,* 12 Mich. 225; *Tilistone v. Nettleton,* 6 Pick. 509; *Booker v. Tally,* 2 Hump. 308; *Arbuckle v. Hawks,* 20 Vt. 538. Mueller's promise was without consideration to sustain it. *Berkshire v. Young,* 45 Ind. 461; *Stewart v. Campbell,* 58 Maine, 439; *Brightman v. Hicks,* 108 Mass. 246; *Cowenhaien v. Howell,* 36 N. J. L. 323; *Birchell v. Neastor,* 36 Ohio St. 331; *McDonald v. Dodge,* 10 Wis. 106; *Cook v. Elliott,* 34 Mo. 586. The promise of an owner to pay a sub-contractor after the latter had contracted to do the work and done part, is without consideration unless the sub-contractor at the time agreed to discharge the lien and the principal contractor. Wood on Frauds, sec. 150 and cases cited. Whenever the promise is made after the debtor and promisee had contracted and part of the work was done, a new and additional consideration, one independent of the original consideration, is necessary.

*J. W. Collins,* for the respondents.

The contract made by the appellant Mueller with the respondents is an original, direct and independent

contract of his own. He dealt for himself and on his own behalf in making the contract and charged himself, directing and requesting respondents to furnish the materials and do the work in suit for him personally and individually, agreeing and promising to pay for the same himself. He did not enter into any collateral contract as guaranty or surety with respondents to pay the debt of another. No such contract was contemplated. *Green v. Burton,* 59 Vermont, 423 ; *Maurin v. Fogelberg,* 37 Minn. 23 ; *Crawford v. Edison,* 13 N. E. Rep. 82 ; *Emerson v. Slater,* 22 How. 35 ; *Nelson v. Boynton,* 3 Metcalf, 402 ; *Calkins v. Chandler,* 36 Mich. 324 ; *Clifford v. Luhrig,* 69 Ill. 401 ; 1 Reed Stat. Frauds, secs. 70–73 ; Browne Stat. Frauds, sec. 214. The whole transaction shows that appellant's contract is not within the statute of frauds. The substance of the transaction and contract between appellant and respondents is to govern in determining this, the appellant is under a direct obligation to pay the amount sued for independently of any contract of guaranty or surety making his promise original and not within the statute. Browne Statute Frauds, sec. 214 ; *Green v. Burton,* 59 Vermont, 423. The consideration to support the contract entered into by appellant with respondents is self-evident, viz., the furnishing for him and his houses the materials and work contracted for to complete the stairs. Roberts Frauds, 231–232 ; *Calkins v. Chandler,* 36 Mich. 324.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace to collect an account for seventy dollars for work and labor alleged to have been done by the plaintiffs for defendant. The complaint states that the defendant agreed to pay such sum for doing of the work described.

On trial anew in the circuit court, it appeared that one Meisch was a contracter with the defendant for the

erection of some houses for him, and that Meisch entered into a contract with the plaintiffs, whereby they were to do certain work in connection with the building of the stairs in the house, at an agreed price of seventy dollars ; that the plaintiffs entered upon the doing of the work, and had exhibited to the defendant, for his inspection and approval, one of the newel posts and had expended some time and labor in the work, when the defendant called on one of them at their place of business and told him that he had already overpaid Meisch, the contractor, the contract price for building the houses ; that for this additional work he would necessarily be obliged to pay himself, as it would be the subject of a lien upon the property ; that he could get it done much cheaper than the price agreed upon between the plaintiffs and Meisch, and that he therefore desired the plaintiffs to discontinue the work.    Thereupon the member of the plaintiff's firm with whom this interview was had refused to discontinue the work unless the plaintiffs were paid for what they had already done, which he estimated at about ten dollars.    He also, by some figuring, convinced the defendant that he was mistaken in his conclusion that the price agreed upon between the plaintiffs and Meisch was excessive ; whereupon the defendant told this member of the plaintiff's firm to go on and complete the work and send the bill to him and he would pay it, adding a request to make a reduction in it if possible.    There was no substantial discrepancy as to these facts between the evidence adduced on behalf of the plaintiffs and that of the defendant himself.    He says in his testimony :    "I told him ( meaning one of the plaintiffs ) that I could get the work done cheaper—told him that my contractor ( meaning Meisch) had already overdrawn his account, and I would have to pay for the balance of the work that was done, and I wanted him to get it done as cheaply as possible.    Then Mr. Yeoman told me that he already had

men working on the stairs in his shop; he had one man in the house and he could not go back now any more; he could not stop working. Then I told him to go ahead, but to let me off as light as possible; if he could make an allowance to do so."

The jury, under a proper instruction from the court, found for the plaintiffs in the sum of seventy dollars, and from the judgment entered on this verdict the defendant prosecutes this appeal.

The errors assigned are: (1) That there is no evidence to sustain the allegation that the defendant employed the plaintiffs to build the stairs for him. We have seen from the foregoing statement that this assignment is not well taken. We may add that the evidence for the plaintiffs tended to show that, but for the making of the new contract with one of the plaintiffs, they would have desisted from the work at the time when he directed them so to do.

The second assignment of error is, that Mueller's promise to pay Yeoman is within the statute of frauds and void, because not in writing. It is to be observed that the defense of the statute of frauds does not appear to have been made in the trial court in any way, either by a defensive pleading (which was not strictly required, as this case originated before a justice of the peace), by objections to evidence, or by request for instructions. It cannot, therefore, be raised for the first time on appeal. *Scharf v. Klein,* 29 Mo. App. 549. But if it could be properly raised, it is clear that it would be unavailing, for the evidence shows an undertaking on the part of the defendant to pay for the work, independently of the previous contract which subsisted between the plaintiff and Meisch, and it equally shows that they went on and completed the work on the faith of this undertaking. The evidence in no sense makes an undertaking collateral to that of Meisch. There was no promise to answer for the debt or default of Meisch

—no promise to pay in case Meisch did not pay, but an independent promise to pay at all events in case the work should be done.

The third assignment of error is that Mueller's promise was without consideration to sustain it. We fail to see that this defense was raised in any way in the court below, but the above statement of facts clearly shows that there was a consideration, as much so as there can be in any oral contract for work and labor done,—a request to the plaintiffs to go on and finish the work and a compliance with the request on their part.

We are requested, in affirming the judgment in this case, to give damages. This is an action to collect a small bill for work and labor. The plaintiffs have been put to the expense of an appearance by counsel in three successive courts. The defendant's own testimony shows that his defense is without substantial merit.

The judgment is therefore affirmed with ten per cent. damages. All the judges concur.

