N. S CLEMENT, Respondent, v. W. A. GILL, Appellant.

St. Louis Court of Appeals, November 20, 1894.

1. **Statute of Frauds:** AVAILABILITY OF DEFENSE ON APPEAL. To be available in this court, a defense based on the statute of frauds must be raised in the trial court in some way.

2. ——: ——. An instruction of nonsuit does not present that defense.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Dodge & Mulvihill* for appellant.

*Rowland L.* and *John Johnson* for respondent.

ROMBAUER, P. J.—The plaintiff is an undertaker. He brought the present action before a justice of the peace to recover a funeral bill from the widow and the brother-in-law of the deceased. The plaintiff recovered judgment before the justice against both defendants, from which judgment W. A. Gill, the defendant brother-in-law, alone appealed to the circuit court. Upon the trial in the circuit court the plaintiff again recovered judgment. The defendant appealed, and now assigns for error that upon the case made by the plaintiff's own evidence he was not entitled to recover.

The cause was tried by the court without a jury. The plaintiff's evidence disclosed the following facts. James B. Gue died at a sanitarium in the city of St. Louis. The physician in charge of the institution called upon his widow, and at her request put the funeral arrangements in charge of the plaintiff. After the plaintiff had embalmed the body and placed it in a casket, he became anxious about his bill; thereupon according to his evidence the following transpired: "I met Mr. Gill at the sanitarium when I went out to ship. That was the first time I met Mr. Gill; he came to me, and says, 'I understand you refuse to ship this body without your bill is paid or secured.' Says I, 'I certainly do.' Then he pulled his business card out of his pocket, and presented it to me and says, 'You

go ahead and ship that body; here is my business card, and fetch the bill to my store to-morrow, and I will pay it.' "

The evidence concedes that, prior to that time, the plaintiff had no dealings whatever with the defendant. The evidence also concedes that the plaintiff's services up to that time were performed at the sole instance and request of Mrs. Gue; that the defendant charged the entire bill to her upon his books, and attempted to collect his entire bill from her.

We state the evidence thus in detail, because we do not wish to be misunderstood as to what we decide. That the defendant upon a sufficient consideration, and one deemed valuable in law, promised to pay the bill, admits of no reasonable doubt under the plaintiff's evidence. But it is contended that the same evidence also shows that the credit was not given in sole reliance upon the defendant's promise, and hence the promise was collateral and not original within the rule established in this state. *Glenn v. Lehnen*, 54 Mo. 45; *Rottman v. Fix*, 25 Mo. App. 571. Conceding that the promise was collateral, and hence within the statute of frauds, how can the defendant avail himself of that objection here, when he failed to make the defense of the statute either by pleading or by objection to the evidence or instructions. It is well settled that this defense must be asserted in the trial court in some manner, in order to be available on appeal. We have so decided on very full consideration in *Scharff v. Klein*, 29 Mo. App. 549, and our ruling in that case has since that time been uniformly adhered to by this court and the Kansas City court of appeals. *Yeoman v. Mueller*, 33 Mo. App. 343; *Lafayette Mutual Building Association v. Kleinhoffer*, 40 Mo. App. 388; *Lammers v. McGechan*, 43 Mo. App. 664; *Penninger v. Reilley*, 44 Mo. App. 255; *Carder v. Primm*, 47 Mo.

App. 306; *Hackworth v. Zeitinger*, 48 Mo. App. 32. That point, therefore, must be deemed to be set at rest, at least until the supreme court sees fit to reopen it again.   As that court, in *Maybee v. Moore*, 90 Mo. 340, returned to its earlier holding, that the defense of the statute must be affirmatively asserted, its last decision is in accord with the rule hereinabove stated.

In the case at bar all oral evidence tending to show a promise on part of defendant Gill was admitted without objection.   The only instructions offered by the defendant were in the nature of a demurer to the evidence.   That such a demurrer does not raise the defense of the statute of frauds has been expressly decided in *Scharff v. Klein*, *supra*, and the other cases following that ruling.   The statute of frauds being out of the way, the defendant's complaint is simply that the finding is against the weight of evidence,—a matter which appellate courts can not consider, except in flagrant cases.   The case at bar presents a simple conflict in the evidence, and, therefore, the finding of the trial court is conclusive.

Judgment affirmed.   All concur.