SAMUEL NEUVIRTH, Respondent, v. JOHN ENGLER, Appellant.

**Kansas City Court of Appeals, March 5, 1900.**

1. **Statute of Frauds: DEFENSE OF: PLEADING: EVIDENCE: DEMURRER.** Statute of frauds is an optional defense and a defendant relying on it must either plead the same or object to the introduction of testimony and can not permit the admission of oral evidence without objection and at its close demur thereto on the ground of the statute.

2. ————: **CONTRACT: EVIDENCE: INJUNCTION.** The oral evidence in this case is reviewed and found sufficient to support a decree restraining the defendant from prosecuting a suit to oust the plaintiff from premises held by parol lease.

Appeal from the Jackson Circuit Court.—*Hon. John W. Henry*, Judge.

AFFIRMED.

*G. F. Ballingal* for appellants.

(1) A contract not in writing, no memorandum thereof, made by the party to be charged and not to be performed within one year from its date is involved. No principle is better settled than such a contract is void under the statute of frauds and under the ban of the law. Authorities in support of the foregoing propositions are: R. S. 1889, secs. 5182, 5186, 6371; Withnell v. Petzold, 104 Mo. 509; Combs v. Transfer Co., 58 Mo. App. 112; Briar v. Robertson, 19 Mo. App. 66; Sharp v. Rhiel, 55 Mo. 97; Johnson v. Reading, 36 Mo. App. 306; Beiler v. Devoll, 40 Mo. App. 251; Cook v. Redman, 45 Mo. App. 401; Smith v. Smith, 62 Mo. App. 596; Nally v. Reading, 107 Mo. 351.

*I. J. Ringolsky* for plaintiff.

(1)   Whether or not our statutes render the contract sued on void is immaterial in this court, and can not be considered by this court.   Because the statute of frauds was not pleaded.   Because no objections were made to the introduction of the evidence to prove the verbal agreement made between Neuvirth and Engler.   Because no instructions were asked on the theory of the statute of frauds and no finding of facts made by the court.   Because these statutory provisions are not even mentioned in the motion for a new trial.   Scharff v. Klein, 29 Mo. App. 549-552; Lewis v. Carson, 93 Mo. 587; Hollenbeck v. Railway, 141 Mo. 97; Van Idour & Co. v. Nelson et al., 60 Mo. App. 523; Miller v. Harper, 63 Mo. App. 293-297; Smith v. Smith Bros., 62 Mo. App. 596; Withnell v. Petzold, 104 Mo. 409; Orr v. McCurdy, 34 Mo. App. 418.

GILL, J.—This is a suit in equity wherein plaintiff asks that defendant be enjoined from ousting him from possession of a certain store house with living rooms above, and to restrain the defendant from prosecuting a case of unlawful detainer instituted against the plaintiff.   Plaintiff recovered below and defendant appealed.

Plaintiff's petition alleges, and .his evidence tends to prove about the following state of facts:   That in April, 1898, and for several years prior thereto, defendant Engler owned and occupied a two-story building, being numbered 2338 Grand avenue, Kansas City.   On the first floor Engler had for some time conducted a fairly successful grocery business and meat market, so much so that the stand was considered a desirable one.   Adjoining this Engler owned another store room, then vacant.   On April 28, 1898, after considerable negotiating, plaintiff Neuvirth agreed with Engler for the purchase of the grocery stock and the occupancy of the stand.   Plaintiff was to pay the wholesale market price of

the goods, without regard to their condition, and in consideration thereof he was to have the use of the building, three months' rent free and thereafter for two years at $25 per month. In addition to this, Engler was not to let the adjoining room for a saloon or for a competing grocery business. It is further alleged, and the evidence tends to prove, that plaintiff requested that the agreement be reduced to writing, but that defendant refused, stating at the time that his, defendant's, word was as good as his bond. Thereupon an inventory of the stock was taken, plaintiff paid defendant the amount thereof, which was about $800, took charge of the store and moved his family into the rooms of the second floor. The evidence tends also to prove that some of the stock was stale, shelfworn and in bad condition, so that it was not worth, on the whole, more than fifty to sixty cents on the dollar of the wholesale or cost price.

Plaintiff entered upon the business, bought and contracted for new goods; and when fairly established in the business at the end of three months, defendant made a written demand for the possession of the store and living rooms, which being refused, he then instituted before a justice of the peace an action of unlawful detainer to oust the plaintiff. Plaintiff claims that if defendant should be allowed to dispossess him that he would lose thereby the good-will attached to the place of business, that there is no other suitable store room in that locality, that his damages would be irreparable, etc.

In his answer, defendant admits the sale of the goods to plaintiff at the price mentioned and that plaintiff was to have the free occupancy of the building for three months, but denies that there was any understanding or agreement for any further renting of the property, and denies also the various other allegations of the petition relating to the plaintiff's purchase of the good-will of the business, the inferior and shop-

worn condition of the stock or that there was any proposition to reduce the agreement to writing, etc.

I. The main contention on this appeal is that the contract stated in the petition and mentioned in plaintiff's evidence is void under the statute of frauds. It is claimed that under section 5186, Revised Statutes 1889, no action can be brought on such an agreement because not in writing and not to be performed within one year from the making thereof; or that not being in writing, the lease, under sections 5182 or 6371, can only have the force and effect of a lease at will or from month to month.

In the light of the record before us this contention can not be sustained. It nowhere appears that such a defense was invoked or relied upon in the court below. No such defense is set up in the answer, nor was it in any way invoked by the defendant at the trial. Other than that, the defendant took issue with the plaintiff and stood boldly and squarely upon the proposition as to whether or not the plaintiff and defendant ever entered into the agreement set out in the petition. At the trial before the circuit court plaintiff proceeded without legal objection or exception and introduced testimony tending to prove the existence of the contract alleged; and defendant followed with evidence tending to disprove such oral contract. Having then accepted the plaintiff's challenge and issue tendered, and failing to call at the proper time for the protection of the statute of frauds, the defendant must be treated as having waived it. It is the well-settled law of this state that the statute of frauds is an optional defense, one that may or may not be invoked at the election of the litigant. It may be invoked in various ways, by pleadings, by objections to testimony and the like. Unless so called it will not voluntarily appear. As said by Judge Rombauer, in Scharff v. Klein, 29 Mo. App. 549, "no case can be found which goes to the extent that the defense of the statute may

not be waived, and it is evident that in order to make the defense available it must be asserted in some manner which calls the attention of the trial court to the fact that it is relied on as a defense. * * * Notwithstanding the very emphatic language of the statute, the written memorandum required by it only occupied the position of primary evidence, and oral evidence of the contract is still legal evidence having probative force. * * * Such being the case, it necessarily results that where a contract within the statute of frauds is fully established by oral evidence received without objection, it is too late, at the close of the evidence, to interpose the objection by demurrer that upon the case made the plaintiff can not recover."

Again, in Miller v. Harper, 63 Mo. App. 293, decided by this court, this language was used: "But the difficulty with defendant's insistence now on the statute of frauds is that the evidence relating to these verbal leases was all admitted without objection from defendant, either while it was being introduced, or by motion to strike out, or otherwise. This, we consider a waiver of that defense, it being an affirmative defense which may be waived." See, also, Van Idour v. Nelson, 60 Mo. App. 523, and cases cited.

The statute of frauds then being out of the case, there remains little more to be said. A careful reading of the evidence leads us to the same result reached by the trial judge. Although there was considerable conflict in the testimony, we think the preponderance lies with the plaintiff's version of the matter. Besides this, the trial judge had the witnesses before him, observed their demeanor and manner of testifying and we are justified therefore in deferring somewhat to his finding. Judgment affirmed. All concur.