YOUNG & BRANSON, Respondents, v. G. F. LED-
FORD, Appellant.

Kansas City Court of Appeals, April 27, 1903.

1. **Contracts: TWO THEORIES OF TRIAL: EVIDENCE: JURY.** In an action for certain services, the plaintiffs claim they performed the services under a verbal agreement with the defendant, while the latter claim they acted under a written contract with another. The evidence was conflicting, but sufficient to send the case to the jury on those two theories.

2. **Frauds and Perjuries: GENERAL ISSUE: DEMURRER TO EVIDENCE.** The statute of frauds is an affirmative defense which is waived if not distinctly asserted, though it may be interposed under the general issue; but where the evidence is admitted without objection, it can not be raised by a demurrer at the close of the trial.

3. **Contracts: CARRYING MAIL: INSTRUCTIONS.** Certain instructions relating to a contract for carrying the mails involving the issue whether such service was done under a written contract with another or a verbal contract with defendant, is reviewed and considered, and it is held the case was fairly and fully covered.

Appeal from Putnam Circuit Court.—*Hon. Nat M. Shelton*, Judge.

AFFIRMED.

N. A. Franklin for appellant.

(1) The demurrer to the evidence should have been sustained on two grounds: First. Because the contract was put in writing and respondents could not recover on an oral contract. Koffman v. Railroad, 68 S. W. 212. Second. Because it was not the debt of appellant and comes within the statute of frauds. R. S. 1899, sec. 3418. (2) The respondents both admitted that they tried to collect the debt off of both H. W. and G. F. Ledford and there is ample evidence that they had H. W. Ledford charged therewith. Hence, if the case went to the jury at all, appellant's refused instruction number two should have been given. Haeberle v. O'Day, 61 Mo. App. 390. If respondents did not re-

lease H. W. Ledford but held him bound for the debt then in no event could appellant be held responsible. Osborn v. Emery, 51 Mo. App. 408. (3) A party has the right to the court's judgment on his instruction as he presents it. The court therefore erred in giving appellant's instruction No. 2 as modified by the court. Maxey v. Railroad, 68 S. W. 1063; Johnston v. Ins. Co. 93 Mo. App. 580; Magee v. Verity, 71 S. W. 472; Bottman v. Fix, 25 Mo. App. 571; Gill v. Reed, 55 Mo. App. 246. (4) Appellant's instruction number two, both as asked by the appellant and as given by the court, is in direct conflict with No. 4 given on behalf of the respondents. The two instructions announce entirely antagonistic doctrines. Koffman v. Railway, 68 S. W. 212; Maxey v. Railway, 68 S. W. 1063.

*Magee & Calfee* for respondents.

(1) Plaintiffs in this case, respondents here, are not relying upon the writing signed by H. W. Ledford or upon any written contract. This suit was brought upon the direct original oral contract of the defendant, G. F. Ledford. This was the contract under which plaintiffs carried the mail and the one on which they relied. There was no contention on either side that the defendant promised to answer for the debt of his son, H. W. Ledford. Plaintiffs never carried the mail under any contract with H. W. Ledford, either written or oral. Respondents are seeking to recover upon the original promise of the appellant. (2) Where the contract is not to answer for the default of another, but is an original undertaking, the statute of frauds does not apply and the contract need not be in writing. Sinclair v. Bradley, 52 Mo. 180; Osborn v. Emery, 51 Mo. App. 408; Chick v. Coal Co., 78 Mo. App. 234; Sewer Pipe Co. v. Smith, 36 Mo. App. 622, and cases cited. (3) The fact that respondents signed the written contract can have no effect on this case. It was executed at the request of the appellant, and respondents never

claimed any rights under it nor received or claimed any benefits from it. (4) The court did not err in refusing appellant's demurrer to the evidence. Sewer Pipe Co. v. Smith, 36 Mo. App. 619, and cases cited. (5) There was abundant evidence to support respondents' contention and the verdict of the jury should stand. James v. Life Association, 148 Mo. 15, and cases cited.

SMITH, P. J.—W. M. Brevard entered into a contract with the United States for the transportation of the mail on route No. 4516, for the period of two years. Brevard sublet this contract to H. W. Ledford and the latter, by a written contract, further sublet it to the plaintiffs.

The plaintiffs' evidence tends to prove that between ten days and two weeks after they (the plaintiffs) had entered into said contract and had been carrying the mail under it, they became apprehensive that the quarterly payments of $125, provided in the contract, would not be paid when due, or at all, and this they made known to the father of the subcontractor—defendant herein—who entered into a verbal agreement with them substantially the same as that entered into by them with W. H. Ledford, the contractor. One of the plaintiffs testified that the defendant promised "to make the quarterly payments himself; to see that they were paid for the carrying of the mail every ninety days."

The plaintiffs carried the mail over the said route for ninety days, and then demanded payment therefor of both H. W. Ledford and the defendant; and as neither made payment they—plaintiffs—begun this action by filing before a justice of the peace the following statement:

"G. F. Ledford, Dr., Sept. 30, 1901, to Jan. 1, 1902, for work, to-wit: Commencing Oct. 1, 1901, to make the round trip from Martinstown, Mo., to Unionville, Mo., six times per week for three months for the sum of one hundred and twenty-five dollars, which the de-

fendant agreed to pay the plaintiffs, the plaintiffs having performed their part of said agreement and made the said round trips as above stated and the defendant having failed and refused to pay the said amount or any part thereof therefore plaintiffs ask judgment for the sum of $125.''

There was a trial which resulted in judgment for the plaintiffs and defendant appealed. At the conclusion of all the evidence the defendant requested an instruction in the nature of a demurrer thereto, which was by the court refused; and of this, complaint is made.

The plaintiffs' theory of the case seems to be that they entered into a verbal contract with defendant for carrying the mail over said route for $125 per quarter, and that they had performed the contract on their part —that is to say, they had carried the mail for the quarter specified in their statement, and that the defendant had refused to pay the contract price for such service. The defendant's theory is, that the plaintiffs entered into a written contract with H. W. Ledford for the performance of such mail service, and that the service for which the $125 was demanded was performed under said written contract, and not under a contract of any kind with defendant. While the evidence was quite conflicting, it is undeniably true that it was sufficient to justify the submission of the case on both of these theories.

The defendant insists that the evidence shows that the agreement sued on is within the statute of frauds. The defense of the statute of frauds is available to defendant under the general issue. In an action before a justice of the peace where no pleadings are made, it may be raised at the trial by objecting to the evidence, since the appearance of the defendant is equivalent to the plea of the general issue. It is an affirmative defense which is waived if not distinctly asserted. Where a contract, within the statute of frauds, is fully established by oral evidence received without objection, it

is too late, at the close of the evidence, to interpose the objection by demurrer that upon the case made by the plaintiff he is not entitled to recover. Scharff v. Klein, 29 Mo. App. 549; Hobart v. Murray, 54 Mo. App. 249; Neuvirth v. Engler, 83 Mo. App. 420. As the evidence tending to prove the verbal contract in the present. case was all admitted, without objection or motion to strike out, it was too late at the close of the evidence to interpose the objection that the contract was within the statute of frauds. The defendant's instruction in the nature of a demurrer to the evidence did not raise the objection that the contract which it tended to prove was within the statute of frauds. An examination of the record has not convinced us that the evidence was insufficient to warrant a submission of the case to the jury.

The defendant further complains of the action of the court in giving the plaintiffs' instruction number four, which might have been clearer and more explicit in expression, still, it seems to us that by it the jury were very plainly told that notwithstanding the plaintiffs had entered into a written. contract with H. W. Ledford for the carrying of the mail, yet if afterwards they entered into a verbal contract with the defendant for the performance of the carrying of such mail, and that such service was performed under said verbal contract, that then the defendant was liable on the latter contract. It may have been that the plaintiffs, after entering into the written contract, had reasons to seriously doubt whether or not they would be paid for the service they had bound themselves to perform, and it may be that the, defendant, who was the father of H. W. Ledford and surety on his bond as subcontractor to Brevard, the original contractor with the United States, deemed or found it necessary to enter into the verbal contract with the plaintiffs for carrying such mail as provided in said writing, in order to prevent a breach of his bond to Brevard and to protect himself against the consequences which would result therefrom. It would seem that

the subcontractor was probably wanting in financial responsibility, and that this was the reason why the defendant, who was responsible, found it necessary to enter into the verbal contract. We can not see any reason why the case was not properly submitted on the theory of the plaintiffs' fourth instruction. The fact that the plaintiffs had entered into the written contract with H. W. Ledford was no bar to their right of action against the defendant in the said verbal contract with the latter, if such latter was an original contract with the plaintiffs and the service was performed under it.

The defendant's fourth instruction related to the defense of the statute of frauds, and very fully directed the jury as to that defense. And his fifth further told the jury that if the plaintiffs entered into the written contract and rendered the service for which they made claim for compensation under that contract, then it should "find for defendant regardless of any other issue in the whole case."

Every issue in the case was fairly and fully covered by the instructions. The defendant has no occasion to complain of the action of the court on that account. The evidence was, as has already been stated, very conflicting. The conclusion is irresistible that there was much false swearing by the witnesses on the one side or the other. It was a proper case for a jury to determine. We have been unable to discover that the court, during the progress of the trial, committed any error prejudicial to the defendant.

The judgment must be affirmed. All concur.