SCHMIDT, Respondent, v. ROZIER, Appellant.

St. Louis Court of Appeals, December 22, 1906.

1. **STATUTE OF FRAUDS: "Goods, Wares and Merchandise."** A contract for a coat and vest, of the value of more than $30.00, although of a peculiar design and pattern, to be manufactured and delivered to the purchaser, is a contract for "goods, wares and merchandise" within the meaning of the Statute of Frauds (section 3419, Revised Statutes 1899), and not a contract for work, labor and material.

2. **JUSTICES OF THE PEACE: Pleading: General Denial.** Where no answer is filed in an action originating before a justice of the peace, the case stands as though the defendant had answered by a general denial.

3. **STATUTE OF FRAUDS: Pleading: General Denial.** A defendant is not obliged to specifically plead the Statute of Frauds in order to avail himself of it, unless he admits the contract sued on in his answer; where the contract is not admitted, the statute is always available under the general issue.

4. ———: ———: ———: **Waiver.** Although a defendant is entitled to avail himself of the defense of the Statute of Frauds, under the general issue, unless the Statute is distinctly called to the attention of the court in some manner by the defendant, it will be considered as waived by him.

5. ———: ———: ———: ———: **Instruction.** Where the Statute of Frauds is sought to be invoked under the general issue, it may be rendered available by proper objection to the introduction of evidence on the ground of the statute, or it may be invoked by specific instruction calling it directly to the attention of the court, even after the evidence of the contract has been introduced without objection. (Distinguishing Scharff v. Klein, 29 Mo. App. 549.)

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

REVERSED.

*John B. Denvir, Jr.,* for appellant.

(1) The contract sued on in this case is within the Statute of Frauds. Burrell v. Highleman, 33 Mo. App. 183; Lammers v. McGeehan, 43 Mo. App. 664; Pratt v. Miller, 109 Mo. 78. (2) The Statute of

Frauds may be raised by a peremptory instruction at the close of plaintiff's case. Extract Co. v. Grocer Co., 90 Mo. App. 53.

*Mortimer B. Levy* and *Morris G. Levinson* for respondent.

The Statute of Frauds (sec. 3419, Revised Statutes 1899), does not apply in this case. The contract was not for goods, wares and merchandise. Lane v. Melville, 3 U. C. Q. B. O. S. 127; Finney v. Apgar, 2 Vroom. 268; Crockett v. Scribner, 64 Maine 449; Prescott v. Locke, 51 N. H. 96; Goddard v. Binney, 115 Mass. 454; Meincke v. Falk, 55 Wis. 427. In the absence of any pleadings other than a mere statement filed by a plaintiff before a justice of the peace, the Statute of Frauds cannot be first invoked in the circuit court by an instruction in the nature of a demurrer to the evidence. Cash v. Clark, 61 Mo. App. 640.

STATEMENT.—This case originated before a justice of the peace. The plaintiff is a tailor in the city of St. Louis. He received an order from the defendant for a coat and vest, the price agreed upon being $72.50. The coat was to be a Prince Albert with a wide lap in front, broad lapels and full skirt. The testimony of plaintiff and his witnesses tended to prove that the defendant called upon him at his place of business and ordered a coat and vest at the price mentioned, instructing him that he desired the coat to be made with a wide lap in front and lapels somewhat broader and the skirt somewhat fuller than was then being worn. Plaintiff attempted to dissuade the defendant from his notion in that respect but defendant insisted the coat should be made as directed and he so made the same. Upon the garments being completed, they were delivered to the defendant and he returned them for alterations. In accordance with defendant's request, plaintiff made the alterations required and delivered the garments a sec-

ond time and within a few days thereafter, the defendant returned them for further alterations. After having tried them on the defendant and examining them again plaintiff discovered that they were perfect fitting garments, as he says, and that he could not improve thereon in that respect, whereupon he so announced to the defendant and declined to further alter the same. Defendant thereupon refused to accept them. Several reputable tailors who had examined the garments on the defendant, testified that the fitting and workmanship were perfect; that the only possible objection was to the coat, i. e., the wide lapels and full skirt, and as said, these were so made in accordance with defendant's instruction.

The defendant's testimony tended to prove that he ordered the coat made with a wide lap, broad lapels and full skirt as indicated, and that the plaintiff did not make the coat as ordered. He asserts that the garments made him look old-mannish and refused to accept them. Plaintiff having declined to alter them to suit, he continued in his refusal to accept them.

The trial was had before the court, a jury being waived. There was testimony pro and con on the issues and it was conflicting. The testimony as to the contract was introduced by the plaintiff without objection of any sort from the defendant. At the conclusion of the plaintiff's case, defendant requested the following instruction, which the court refused:

"The court instructs the jury that the evidence introduced by the plaintiff in this case, shows that the contract sought to be recovered upon is within the statute of frauds and that the provisions of said statute have not been complied with. Your verdict, therefore, must be for the defendant."

Exception was saved, and after the overruling of proper motions for review, the case comes here by appeal.

NORTONI, J. (after stating the facts).—1. The record presents two paramount questions calling for the opinion of the court, and they alone will be commented upon in the opinion. The other matters presented are trivial and will not be discussed.

The first question is: the contract in evidence being one for a coat and vest of peculiar design and pattern in that the coat had a wide lap in front and broad lapels as well as a full skirt, and was therefore different from those being manufactured and sold daily by the defendant, was it a contract for goods, wares and merchandise within the meaning of the Statute of Frauds (sec. 3419, R. S. 1899), or was it a contract for work and labor to be done and materials to be furnished by the plaintiff and for that reason not within the influence of such statute? The plaintiff asserts the contract to be one for work, labor and materials; the defendant asserts it to be for goods sold, etc. The question thus presented was long mooted in the jurisprudence both of England and this country, but was settled in a manner entirely satisfactory to the courts of this State by the court of Queen's Bench in England in Lee v. Griffin, 1 Bes. & Smith, 272. The adjudication of that case established the very simple and intelligent rule to the effect that when the subject-matter of the contract is a chattel to be afterwards delivered, then the cause of action is goods sold and delivered, and the seller cannot sue for the work and labor. This court, in Burrell v. Highlemann, 33 Mo. App. 183, and the Supreme Court in Pratt v. Miller, 109 Mo. 78, 18 S. W. 965, each after mature deliberation, adopted and approved the doctrine of Lee v. Griffin, supra, as the rule of decision in Missouri and the law so stands. Now, in the case in hand, the subject-matter of the contract being a coat and vest, chattels, to be afterwards delivered, it is the opinion of the court that the cause of action is for goods sold, etc., notwithstanding the peculiar pattern of the garments mentioned and it there-

fore falls within the statute of frauds as such rather than without that statute as a cause of action for work, labor and materials furnished.

2. There was no plea of the Statute of Frauds. The case having originated before a justice of the peace, no formal pleadings were required and it was therefore not necessary to specially plead the statute. The appearance of the defendant in cases originating before justices of the peace operates, however, to raise the general issue and therefore the case stands as though the defendant had answered by general denial. The law has been settled in this State since the decision of Wildbahn v. Robidoux, 11 Mo. 659, to the effect that when the agreement or contract is denied in the defendant's answer, it is not necessary for him to specially insist upon the statute as a bar to the action inasmuch as such denial operates to require the plaintiff to produce legal evidence of the existence of the agreement, and parol proof is not such evidence, the case not otherwise falling within the exceptions mentioned in the statute. As a correlative of the proposition just stated, the rule with us is likewise established to the effect that it devolves upon the defendant to specially plead the Statute of Frauds only in those cases in which the contract sued upon is admitted in the answer, and with very few apparent exceptions in decided cases, this has been the rule in Missouri since our early history as a State. Where the contract is not admitted, the statute is always available, however, under the plea of the general issue. [Wildbahn v. Robidoux, 11 Mo. 659; Hook v. Turner, 22 Mo. 333; Allen v. Richards, 83 Mo. 55; Springer v. Kleinsorge, 83 Mo. 152-154; Boyd v. Paul, 125 Mo. 9-14, 28 S. W. 171; Hillman v. Allen, 145 Mo. 638, 47 S. W. 509; Hurt v. Ford, 142 Mo. 283-301, 44 S. W. 228; Phillips v. Hardenburg, 181 Mo. 463-473, 80 S. W. 891; Hackett v. Watts, 138 Mo. 502-510, 40 S. W. 113; Bernhardt v. Walls, 29 Mo. App. 206; Miller v. Harper, 63

Mo. App. 293; Van Idour & Co. v. Nelson, 60 Mo. App. 523-527; Beckman v. Mepham, 97 Mo. App. 161-164, 70 S. W. 1094; Devore v. Devore, 138 Mo. 181-185, 39 S. W. 68; see also Brown on Statute of Frauds (5 Ed.), sec. 511; 9 Ency. Pl. & Pr., 709; Bliss on Code Pl. (3 Ed.), sec. 353, and note thereto for Missouri rule.] It therefore follows that the appearance of the defendant having operated to raise the general issue in this case, and the contract being thus denied, the Statute of Frauds was available as a conclusive defense to the action provided it was invoked by the defendant, for it is familiar law that the statute is an affirmative defense and may be waived. It is sometimes mentioned as an optional defense, and it is true that if the party entitled to its benefits fails to avail himself of its provisions in an appropriate manner, it will be considered as waived. [Yeoman v. Mueller, 33 Mo. App. 343; Van Idour v. Nelson, 60 Mo. App. 523; Miller v. Harper, 63 Mo. App. 293; Neuvrith v. Engler, 83 Mo. App. 420.] It therefore becomes important to ascertain whether, under the facts in this record, the statute was presented to the court in a proper manner. As said in the statement of facts accompanying the opinion, all of the testimony tending to establish a parol agreement for the purchase of a coat and vest at the price of $72.50 was introduced and admitted without objection from the defendant tending to question its competency, and the fact that the contract in proof fell within the operation of the Statute of Frauds was in no manner called to the attention of the trial court until the plaintiff had completed his proof and rested his case, whereupon the defendant requested the instruction set out in the statement whereby the court was requested to declare as a matter of law on the facts in proof that plaintiff could not recover because of the operation of the Statute of Frauds. We thus find the attention of the court specifically directed to the statute by positive and affirmative effort of the

defendant in seeking to invoke its provisions by instruction. In the case of Scharff v. Klein, 29 Mo. App. 549, the record presented a state of facts very similar but not identical with those here in judgment. The contract in suit there was one within the provisions of this same Statute of Frauds. Proof thereof was introduced without objection, as here, and at the conclusion of plaintiff's case, the defendant demurred to the evidence generally. This court held that inasmuch as the defendant had permitted the evidence to go in without objection, the statute could not be invoked by such demurrer and on motion for rehearing, a second opinion of the court was given in which, during a discussion of the matter then in judgment, the court employed the word "instruction" interchangeably with the word "demurrer" to the evidence, in such a manner that it appears from the report of the case that no instruction is sufficient to invoke the statute when the evidence of the agreement has been given without objection thereto. In the original opinion in that case, it appears that the fundamental proposition announced was that the statute must be in some manner distinctly called to the attention of the trial court during the trial or the party will be held to have waived the same, and this is certainly sound doctrine. We have examined the original files of that case here and ascertain therefrom that the instruction there involved and the question there in judgment was not of that specific character as the one here presented, but, on the contrary, it was merely a general demurrer to the evidence without assigning the statute or any other special ground therefor other than that on the pleading and proof, plaintiff was not entitled to recover, and in the original opinion, at page 552, the court lays stress upon this fact by saying as follows: "The point is not raised distinctly by any of the instructions even." A reasonable inference from this remark, it seems, is that the court would have considered an in-

struction which distinctly called the statute to the attention of the trial court as sufficient; but by reference to the opinion of the court in the same case on motion for rehearing, it appears as said before, that the words "demurrer" and "instruction" were employed interchangeably in such a manner as to bear the construction at least that the court intended to adjudge that in a case where the general issue only is pleaded and the evidence of the agreement goes in without objection, the defendant will not be permitted to avail himself of the defense of the statute by demurrer or instruction, either general or specific, and this case, without further examination with respect to the principle involved, has been followed and approved by both this court and the Kansas City Court of Appeals *in extenso* in Lammers v. McGeehan, 43 Mo. App. 664-667; Carder v. Primm, 47 Mo. App. 301-306; Hobart v. Murray, 54 Mo. App. 249-254; Thomas v. Ramsey, 47 Mo. App. 84-96; Neuvrith v. Engler, 83 Mo. App. 420-424; Young et al. v. Ledford, 99 Mo. App. 565-569, 74 S. W. 443. While another line of cases cite it with approval in support of the doctrine that in cases where the defendant seeks to avail himself of the statute under the general issue, the attention of the trial court must be directed thereto *"in some way,"* otherwise the defense will be considered as waived. [LaFayette Bldg. Assn. v. Kleinhoffer, 40 Mo. App. 388-392; Hackworth v. Zeitinger, 48 Mo. App. 32-35; Clement v. Gill, 59 Mo. App. 482-484; Alter v. Frick, 62 Mo. App. 453-455.] And still another line of cases cite with approval the doctrine that in cases where the statute is sought to be invoked under the general issue as in this one, it must be pointedly brought to the attention of the trial court *"in some way"* either *"by objection to the evidence on that ground or by requests for instructions on that theory."* [See Yeoman v. Mueller, 33 Mo. App. 343-347; Penninger v. Reilley, 44 Mo. App. 255-262; Van Idour v. Nelson, 60 Mo. App. 523-

528; Royal Remedy Co. v. Gregory Grocery Co., 90 Mo. App. 53-59.] Although, as we have seen, the Statute of Frauds had not been distinctly brought to the attention of the court in any manner in Scharff v. Klein, the only attempt in that behalf being a mere general demurrer to the evidence with no reference to the statute, the court, nevertheless in its opinion on motion for rehearing, does say in plain terms that an instruction, without limitation upon the word "instruction," will not operate to invoke the statute in such case unless a foundation has first been laid therefor by objection to the testimony on that theory and the cases first above cited on this question have announced the same doctrine to the same extent.    We find ourselves confronted with those cases here.    So much of the opinion which announces the doctrine that the statute must be distinctly called to the attention of the trial court *in some way* or it will be considered as waived, is undoubtedly sound in principle and meets with our most hearty approval. We are not persuaded, however, to the doctrine which that case seemingly announces with respect to specific instructions distinctly inviting the attention of the trial court to the statute as a matter of defense, as does the instruction here in judgment, for it seems that such instruction specifically and distinctly pointing the court to the statute as an available defense, conforms to the full measure of all reasonable requirement on principle in such cases; inasmuch as it does in fact challenge the attention of the court to the precise question on which the defendant invokes its judgment of the law, in a manner fully as appropriate and even more so, it seems to us, than would objection to oral testimony on the trial, and in support of this view, let us examine the question for a moment on principle and from the standpoint of the statute itself.    It is very true that the statute itself as construed by the courts, does not denounce the contract as void but on the contrary, only goes to

the remedy and as such, is a rule of evidence; and it is likewise true that parol evidence in such cases has probative force sufficient and is competent to establish the contract in law provided the statute is not invoked against it. This results from the principle that the statute is an affirmative defense and must be called into the case or otherwise its influence will not prevail. We do not understand from the principles thus stated, however, that the mere failure to interpose the objection of the statute against the reception of parol evidence until it is adduced, operates to preclude the party from properly and distinctly invoking the statute at the conclusion of the plaintiff's whole case, for under the exceptions of the statute, it is not until then that the defendant can determine for himself whether or not the plaintiff will bring his case within or without the provisions of the statute. To examine the matter from the standpoint of the statute itself, we ascertain the statute (sec. 3419, supra) requires the contract shall be in writing when it is for the sale of goods exceeding $30 in value, with two exceptions, and they are, first, if "the buyer shall accept part of the goods so sold, and actually receive the same," or, second, "give something in earnest to bind the bargain or in part payment," then the contract shall be good, even though there is no note or memorandum of the sale. Now, under the rule of the statute, plaintiff may make his case by showing in proof, either, first, a sufficient memorandum in writing, or second, show by parol an acceptance by defendant of the goods or a portion thereof, or, third, that the defendant has paid earnest money on the bargain. We are persuaded that no sound principle of practice can be brought forward to denounce a defendant as negligent, in that sense which will work a forfeiture of his rights and a resulting waiver thereof, for having failed to interpose objection to the reception of parol proof of the contract, when such evidence is entirely competent to es-

tablish the contract over such objections when followed by a showing of either, first, an acceptance of the goods, or, second, payment of earnest money thereon, for no one can tell what the proof will be until it shall have been all adduced, and, indeed, the most alert and astute practitioner will frequently find himself unable to peer into the case of his adversary in such a manner as to discover that he does not intend to adduce proof under either one or the other of the exceptions in the statute, which would abundantly satisfy the law and establish the contract.   With the very highest measure of respect for the learned judge who wrote that opinion and the court as it then was, we find ourselves wholly unable to appreciate the reasoning of the opinion in Scharff v. Klein, supra, on this question and the court, as now constituted, is unanimously of the opinion that the defendant, in action involving the sale of goods, wares, etc., under the statute, does not by merely permitting parol proof of the contract to be introduced without objection, waive the statute so that it may not later, after all of the proof shall have been adduced by the plaintiff, be invoked by instruction specifically and distinctly calling the statute to the attention of the court.    It seems clear that a ruling otherwise would, and in fact does, require the defendant on penalty of waiver of his rights, to interpose objections to the introduction of parol proof of a contract which may, and frequently is rendered entirely competent by showing compliance with either one or the other of the exceptions in the statute mentioned.   From a careful and painstaking study of the cases cited, we are further persuaded that the court did not intend to hold in Scharff v. Klein, that a specific instruction on the Statute of Frauds, such as that here involved, was insufficient in and of itself, under the general issue, after proof without objection, to avail the defendant of the benefit of the statute, and in support of this conclusion, we advance the following rea-

sons. First, no specific instructions, such as that here, was before the court in that case calling for an opinion on that question, the instruction in judgment there being purely a general demurrer to the evidence without reference to the statute; and second, we find other and later cases decided by the court as then constituted, holding on the authority of and citing Scharff v. Klein, to the doctrine that the statute must be brought to the attention of the court *"in some way, either by objecting to the evidence on that ground or by distinct instructions on that theory."* And this appears to be the construction of that case placed upon it afterwards by the parent court. See in point Penninger v. Reilley, 44 Mo. App. 255-262; Yeoman v. Mueller, 33 Mo. App. 343-347; and especially see the case of Clement v. Gill, 59 Mo. App. 482-485, in which the opinion of the court was prepared by the same learned judge who prepared that in the case of Scharff v. Klein, a very clear inference arising from the reasoning and language employed and to support which Scharff v. Klein is cited, is that a proper, specific and distinct instruction, calling the Statute of Frauds to the attention of the court would be sufficient. On this question, see also the following cases by the Kansas City Court of Appeals; Van Idour v. Nelson, 60 Mo. App. 523-528; Royal Remedy Co. v. Gregory Grocery Co., 90 Mo. App. 53-58. Now it seems that the controlling and fundamental idea entertained by the court and pervading the entire opinion in Scharff v. Klein, was that the statute must be presented to the court in some distinct manner, otherwise it would be waived, resulting, of course, from the operation of the principle that the statute is an affirmative defense, which can only be invoked or called into the case by express plea or other specific invitation of the party entitled to its benefit, and therefore in this class of cases, where the contract is denied and put at issue by the general denial; and the statute is sought to be invoked under that

rule which obviates its being specially pleaded in the answer, common fairness and justice dictate and require that inasmuch as the court is not advised by the pleadings that the statute will be insisted upon as a bar, the party shall disclose to the court and his adversary in some distinct manner that he intends to and does invoke the statute in aid of his cause; at any rate, it is manifest from that and the subsequent cases cited that the court in that opinion primarily sought to preserve this principle inviolate which is sound indeed. We are persuaded, however, that this principle may be preserved in the full measure of its integrity, and that a satisfactory and just rule on the subject may be had as follows:

First, in every case, the statute must be distinctly called to the attention of the court in some manner by the party seeking to avail himself of its benefits or it will be considered as waived.

Second, in those cases where the statute is sought to be invoked under the general issue and without a special plea, it may be rendered available either by proper objection to the evidence on the grounds of the statute, or it may be invoked by specific instructions calling it directly to the attention of the court in such a manner that the court and adverse counsel may know and understand that the party does insist on the aid of the statute.

The instruction refused in this case was of the nature last mentioned, and was sufficient to and did invoke the statute, which is conclusive against the plaintiff's right of recovery. The case of Scharff v. Klein, supra, insofar as it bears a construction contrary to the views herein expressed, is hereby modified to conform to this opinion.

For the reasons stated, the judgment is reversed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.