## HUGH MATHEWS, Respondent, v. GEORGE H. MARTIN, Appellant.

### Kansas City Court of Appeals, March 2, 1914.

1. **SALES: Contracts: Statute of Frauds.** Where one had a contract with a city to furnish plumbing supplies for the repair of the city's water plant, and was engaged in shipping said supplies, a portion of which was lost in transit, the oral agreement made by a clerk of the carrier that plaintiff should replace the lost articles and the carrier would pay for them was not a purchase and sale of the goods, but was a method of settlement of the claim for the lost goods.

2. ———: ———: ———: In such case, no matter what form the suit against the clerk may take, it in reality is a suit for the goods lost in transit, and the clerk cannot be held liable since it is for the debt, default or miscarriage of another, and under the statute must be in writing.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

REVERSED.

*Lathrop, Morrow, Fox & Moore* for appellant.

*Percy A. Budd* for respondent.

TRIMBLE, J.—Plaintiff, a Kansas City manufacturer of machinery and plumbing materials, had a contract with the city of Austin, Texas, to put its waterworks and electric light plant in repair, and was shipping materials therefor by the Wells-Fargo and other express companies.

The Wells-Fargo Express Company lost certain shipments, at least portions of three shipments were never delivered after being accepted for shipment by the company. Plaintiff saw the company's agent several times in reference to the lost articles, but the company was unable to trace them or ascertain what became of them. Plaintiff finally went to the defendant, George H. Martin, who was chief clerk for the express company's general agent, and saw him in reference to the loss.

It is plaintiff's testimony that Martin told him the articles were lost and the company could not find them, but for plaintiff to go ahead and again make the things that were lost and charge it to the express company. Plaintiff did so and charged the amount thereof to the express company. Upon its refusal to pay, plaintiff brought suit against the express company and Martin for the amount of the goods so replaced. The case was tried by the court without a jury and at the close of the testimony the court indicated that a demurrer in favor of the express company would be sustained, and thereupon plaintiff dismissed as to said express company.

The defendant Martin objected to the testimony of plaintiff but this was overruled. Martin denied that he had told plaintiff to charge the bill for replacing the shipment to the company or that the company would pay it. And at the close of the testimony demurred to the evidence as not being sufficient to entitle plaintiff to recover, and specifically invoking the statute of frauds.

The testimony showed that Martin had no au-

thority to settle a claim against the company, and on account of this lack of authority the case against the company failed.

The court, however, rendered judgment against Martin on the theory that Martin had entered into a contract for the purchase of the goods as agent for the express company and as he had no authority to do so, he thereby rendered himself personally liable. Defendant has appealed.

A clearer conception of the case will be obtained, and the rights of the parties will appear in their proper light, if it be first determined whether Martin's act, as testified to by plaintiff, was a contract for the purchase of goods to be delivered, or was it, in reality, merely a method of settling the claim plaintiff had against the company. Certainly it was the latter. Plaintiff was already under contract with the city of Austin to furnish the goods, and had not done so with regard to the articles in question. He was not induced to make and furnish them by Martin's act since he was already under obligation to do that and would have done so anyway. He did make and furnish them and presumably was paid by the city of Austin. So that, in reality, he is not suing for the purchase price of the articles furnished, but is suing for the loss of those not delivered. In other words, no matter what form his action may take, he is really suing for the loss occasioned by the default and miscarriage of the express company.

Now, he nowhere claims that he did anything on Martin's credit, but wholly on the credit of the express company. Even if Martin had expressly guaranteed that if the company did not pay the bill he would do so, such promise would not be binding because it was without consideration and was not in writing. [Sec. 2783, R. S. 1909.]

Plaintiff did not prove a contract for the sale and delivery of goods, and he is not entitled to recover on

the theory that Martin is bound to answer for the debt, default or miscarriage of the company.

Plaintiff's claim that the benefit of the statute was not properly invoked by defendant is not well founded. The case originated in a justice court, and the benefit and protection of the statute were specifically invoked and called to the attention of the court. [Schmidt v. Rozier, 121 Mo. App. 306.]

The judgment is reversed. All concur.